**Daniel M. CORY and Margot Cory, his wife, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 61, Docket 25192.**

United States Court of Appeals Second Circuit.

Argued Nov. 6, 1958.

Decided Dec. 1, 1958.

Watson Washburn, New York City, for petitioners.

Morton K. Rothschild, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson, I. Henry Kutz, and George F. Lynch, Attys., Dept of Justice, Washington, D. C., on the brief), for respondent.

Before CLARK, Chief Judge, WATERMAN, Circuit Judge, and GALSTON, District Judge.

CLARK, Chief Judge.

On this review of a Tax Court decision finding a deficiency of $15,204.97 in their income tax for 1945, petitioners rely on the statute of limitations. Although the notice of deficiency was issued December 20, 1956—more than ten years after the return was filed—the Tax Court found the assessment timely under I.R.C.1954, §§ 1311–1314, 26 U.S.C. §§ 1311–1314, which under stated conditions allow an additional one-year period for assessment of tax upon certain items of income. 29 T.C. 903. The petitioners now challenge this ruling.

In their 1944 return taxpayers had reported as long-term capital gains the receipt of $42,057.66 in royalty income from the autobiography, "Persons and Places" of the noted philosopher-poet George Santayana. All but $12,000 of these royalties, however, were held in escrow until the following year because of a dispute between taxpayers and a nephew of the author over title to the manuscript. Some years later, asserting that they received only $12,000 in 1944 and the remainder in 1945, petitioners claimed a tax refund. The Commissioner rejected their claim and also determined that the entire amount reported in the 1944 return was taxable as ordinary income, rather than long-term capital gain. In a decision finally entered on June 17, 1955, the Tax Court upheld the Commissioner's determination that the royalties were taxable as ordinary income, but ruled that petitioners received only $12,000 in 1944, as they contended. Petitioners sought review of this decision; but the Commissioner did not, and his time to do so expired on October 17, 1955. We affirmed the decision March 9, 1956, Cory v. C. I. R., 2 Cir., 230 F.2d 941, and certiorari was denied October 8, 1956, 352 U.S. 828, 77 S.Ct. 43, 1 L.Ed. 2d 50. The Commissioner issued a notice of deficiency on December 20, 1956,

for the $30,257.66 [1] royalties not reported for the year 1945.

Sections 1311–1314 of the Internal Revenue Code of 1954 follow the complicated form of expression which seems an occupational trait of revenue legislation. In summarized form they may be stated as allowing an additional year for assessment of a tax deficiency after a "determination"—defined in § 1313(a)(1) as a decision of the Tax Court "which has become final"—correcting certain errors in tax returns. As applied to the present case the determination must be one which requires the exclusion from gross income of an item included in a return filed by the taxpayer which was erroneously excluded from the gross income of the taxpayer for another year. Further, there must be adopted in the determination a position maintained by the taxpayer which is inconsistent with the erroneous exclusion in question. The Tax Court has accepted the Commissioner's view that there was such a determination here which became final only on the denial of certiorari on October 8, 1956; and hence the notice of deficiency on December 20, 1956, was timely. The taxpayers deny that their position was ever "inconsistent," but say that in any event the court's determination as to them became final on October 17, 1955, when the Commissioner failed to file a cross-petition for review of the court's decision of June 17, 1955. Under this view the notice of deficiency would of course be too late.

■ Clearly these sections are applicable here. The Tax Court's determination that only $12,000 was received in 1944 excluded the remainder of the reported royalties from taxpayers' gross income for that year, and this sum should have been reported for the taxable year 1945. Moreover, the decision did adopt a position maintained by the taxpayer which was inconsistent with the erroneous omission of the royalties in 1945. It is true that petitioners' 1944 return disclosed in full all the relevant facts surrounding their receipt of the royalties. But the fact remains that in that return they took the position that the entire sum was received in 1944, whereas in the later claim for refund they urged that they did not obtain $30,257.66 of these royalties until 1945. This is sufficient to bring 26 U.S.C. §§ 1311–1314 into play. Their language requires only inconsistency of position, not duplicity or deception by the taxpayer. For the sections operate equally against inconsistent positions of the Commissioner; their purpose is remedial, not punitive.

■ On petitioners' further contention that 26 U.S.C. §§ 1311–1314 do not cure the untimeliness of the Commissioner's assessment because the one-year period began to run on October 17, 1955, respondent must and does concede that the ruling that petitioners received only $12,000 in 1944 did become final on that date. For the Commissioner could not obtain review of that ruling unless he cross-petitioned for review. Helvering v. Pfeiffer, 302 U.S. 247, 250–251, 58 S.Ct. 159, 82 L.Ed. 231; Le Tulle v. Scofield, 308 U.S. 415, 421–422, 60 S.Ct. 313, 84 L.Ed. 355. Nevertheless, to break down a Tax Court decision for a single year into separate holdings and issues for decisional and assessment purposes would add to the confusion and complexity in operating under 26 U.S.C. §§ 1311–1314. See Rosenthal v. C. I. R., 2 Cir., 205 F.2d 505, 512; Wilson v. C. I. R., 42 B.T.A. 1254. In this very case petitioners' construction of these sections would have compelled the Commissioner to institute a proceeding for the 1945 deficiency, while a modification of the Tax Court decision in the still pending prior action would have completely altered the parties' positions in the second proceeding. Accordingly we hold that the real

1. The $200 discrepancy in these figures seems to result from a payment of that amount for expenses of the publishers of "Persons and Places." The Tax Court included also a sum paid as escrow fee of $105.91. Taxpayers make no claim of error on these aspects of the determination.

"determination" required by the statute was not had until judicial opinion was resolved into a final adjudication of the monetary assessments involved, and hence that the reassessment is timely under the statutes.

The final issue concerns the amount of additional income the Commissioner may attribute to 1945. The sections of the Code relevant here limit the reassessment to the increase or decrease in tax resulting "solely from the correct treatment of the item which was the subject of the error." 26 U.S.C. § 1314(a). This "item," petitioners contend, is not $30,257.66, the royalties petitioners mistakenly claimed they received in 1944, but at maximum half that sum, since on their 1944 return—because they treated the royalties as long-term capital gain—petitioners listed only half the amount of the royalties as gross income. In support of this position petitioners rely on numerous authorities interpreting I.R.C.1939, § 275(c), 26 U.S.C.A. § 275(c), a penalty section operable only in favor of the Government. Section 275(c) extended the statute of limitations where a taxpayer "omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return." But I.R.C.1954, § 1312(3)(A) speaks only of "an item included in a return," not an amount includible in gross income. Accordingly, while the amount of error in the gross income which the taxpayers computed and reported in the 1944 return may be lower,[2] the item included in that return which was the subject of the error is unquestionably the amount of royalties which they reported as received. Since they reported receipt of $42,363.57, even though they claimed that only half their gain was to be taken into account, the amount thus omitted

from the 1945 return was $30,363.57,[3] as the Tax Court has held.

The decision of the Tax Court is affirmed.

---

2. Thus petitioners claim that the amount erroneously included in their 1944 return and which should be included in their 1945 income is only $9,028.83, or $21,-

028.83 (50% of $42,057.66 royalties reported), less $12,000 allotted to 1944.

3. Including the discrepancies referred to in note 1 supra.