*Decision will be entered under Rule 50.*

RALPH E. COTTER, JR., AND MABEL O. COTTER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 731–62. Filed June 10, 1963.

*Frank T. Andrews*, for the petitioners.
*William T. Ivey, Jr.*, for the respondent.

### OPINION

SCOTT, *Judge:* Respondent determined a deficiency in petitioners' income tax for the calendar year 1956 in the amount of $6,452.19, and in his answer claimed an increased deficiency in the amount of $357.38 making a total deficiency in controversy of $6,809.57.

The issue for decision is whether at the date of issuance of the notice of deficiency, the period within which respondent might determine a deficiency was open under the provisions of sections 1311 through 1314 of the Internal Revenue Code of 1954.

All of the facts have been stipulated and are found accordingly.

Petitioners, husband and wife residing in Oakland, Calif., filed a joint Federal income tax return for the calendar year 1956 with the district director of internal revenue at San Francisco, Calif.

On March 4, 1955, Ralph E. Cotter, Jr. (hereinafter referred to as petitioner), and Lenore A. Meyer were titleholders of 25 acres of undeveloped farmland as tenants in common, each owning a one-half undivided interest. Petitioner's basis in his share of this land on March 4, 1955, was $21,023.08.

The land was deeded on March 4, 1955, to Glenhaven, Inc., a corporation, in exchange for 500 shares of stock of that corporation, petitioner and Meyer each receiving 250 shares. No cash was paid by the corporation to either petitioner or Meyer for, or in connection with, the transfer of the land. Immediately following the exchange of the land for the stock, petitioner and Meyer were the owners of 80 percent of the issued shares of stock of Glenhaven, Inc., which shares possessed 80 percent of the total voting power of the corporation. The corporation carried the land on its books at a value of $100,000.

Petitioners filed an amended Federal income tax return for the year 1955, reporting thereon as long-term capital gain the difference between petitioner's basis in the land ($21,023.08) and the par value of the 250 shares of stock he received in the exchange ($50,000) and paid the tax on one-half of that amount.

On August 16, 1956, petitioner received the sum of $52,704.52 in exchange for the 235 shares of Glenhaven, Inc., stock that he still owned upon the complete liquidation of the corporation.

Petitioners on their 1956 Federal income tax return reported as long-term capital gain the difference between the amount petitioner received upon the liquidation of the corporation ($52,704.52) and petitioner's claimed basis in the shares of Glenhaven, Inc., stock he still owned upon that corporation's liquidation ($47,000), and paid tax on one-half of that amount.

The basis of $47,000 claimed on petitioners' 1956 Federal income tax return for the Glenhaven, Inc., stock represented the per-share par value of the stock ($200) times the number of shares owned by petitioner (235).

On December 24, 1959, respondent mailed to petitioners a statutory notice of deficiency for the year 1955 determining that the gain realized on the 1955 exchange of land for stock was taxable as ordinary income. Petitioners filed a timely petition with this Court alleging that under the provisions of section 351(a) of the Internal Revenue Code of 1954 no gain should be recognized on the exchange of land for stock and that they were entitled to a refund of the tax paid attributable to the long-term capital gain which they had mistakenly reported on the transaction on their 1955 income tax return.

On July 7, 1961, a Memorandum Opinion, T.C. Memo. 1961-202, was rendered in that case determining that the 1955 exchange was

within the nonrecognition provisions of section 351(a) of the Internal Revenue Code of 1954. On August 15, 1961, the decision of this Court was entered in that case.

Assessment of a deficiency against petitioners for the taxable year 1956 was barred by section 6501 of the Internal Revenue Code of 1954 after April 15, 1960.

On February 9, 1962, respondent mailed the statutory notice of deficiency from which the petition herein was filed to petitioners. The 1956 deficiency in the amount of $6,452.19 determined in this notice resulted from increasing petitioner's long-term capital gain on the liquidation of Glenhaven, Inc., to the amount of $31,513.28. In computing the increased long-term capital gain respondent used as the basis of petitioner's shares of Glenhaven stock the amount of $22,543.88 which was stated to be petitioner's cost of the land and computed the basis of the 235 shares which petitioner surrendered on the liquidation to be $21,191.24. The increased deficiency claimed by respondent in his answer results from substituting for the amount shown in the notice of deficiency as the cost of petitioner's one-half interest in the land, the amount of $21,023.08 which the parties have stipulated to be petitioner's basis in the land on March 4, 1955. Petitioner does not contend that the adjustment made in respondent's answer is erroneous but contends that any deficiency for the year 1956 is barred by the statute of limitations.

It is respondent's position that under the provisions of sections 1311, 1312(3)(A), and 1314(b) of the Internal Revenue Code of 1954 [1] the notice determining the deficiency for the year 1956 was timely since

---

[1] All references herein are to the Internal Revenue Code of 1954 unless otherwise indicated.

SEC. 1311. CORRECTION OF ERROR.

(a) GENERAL RULE.—If a determination (as defined in section 1313) is described in one or more of the paragraphs of section 1312 and, on the date of the determination, correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part and other than section 7122 (relating to compromises), then the effect of the error shall be corrected by an adjustment made in the amount and in the manner specified in section 1314.

(b) CONDITIONS NECESSARY FOR ADJUSTMENT.—

(1) MAINTENANCE OF AN INCONSISTENT POSITION.—Except in cases described in paragraphs (3)(B) and (4) of section 1312, an adjustment shall be made under this part only if—

(A) in case the amount of the adjustment would be credited or refunded in the same manner as an overpayment under section 1314, there is adopted in the determination a position maintained by the Secretary or his delegate, or

(B) in case the amount of the adjustment would be assessed and collected in the same manner as a deficiency under section 1314, there is adopted in the determination a position maintained by the taxpayer with respect to whom the determination is made,

and the position maintained by the Secretary or his delegate in the case described in subparagraph (A) or maintained by the taxpayer in the case described in subpara-

the deficiency resulted from the correction of an error which these sections permit to be made within one year from the date of the determination with respect to the year 1955.

The facts which we have set forth show that there was a decision of this Court with respect to petitioner's 1955 income tax liability. This decision, if it comes within circumstances listed in section 1312, is a determination as defined in section 1313. On the date this decision was entered, the assertion of a deficiency for the year 1956 was barred by section 6501 of the Internal Revenue Code of 1954. The notice of deficiency for the year 1956 was sent within one year after the date our decision for the year 1955 became final. The crucial question is whether the adjustment made herein by respondent is a permissible one under the provisions of section 1311. Section 1311(a) provides that a determination which will cause the period of limitation for correction of error not to expire for one year from the date thereof must be one described in one or more of the paragraphs of section 1312. Respondent in the instant case contends that the determination for the year 1955 is one described in section 1312(3) (A).[2] For section 1312(3) (A) to apply so as to permit the assessment of a deficiency, section 1311(1) (B) prescribes as a necessary condition that petitioners have maintained a position in the determination as to 1955 inconsistent with the erroneous omission of income in 1956. Petitioners contend that they have not maintained such an inconsistent position. We do not agree with this contention. In 1955 petitioner received stock of a value of $50,000 ($200 per share) for land with a basis to him of $21,023.08. The gain on this exchange was excluded from petitioners' 1955 income because of the nonrecognition provisions of section

---

graph (B) is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be.

SEC. 1312. CIRCUMSTANCES OF ADJUSTMENT.

The circumstances under which the adjustment provided in section 1311 is authorized are as follows:

\* \* \* \* \* \* \*

(3) DOUBLE EXCLUSION OF AN ITEM OF GROSS INCOME.—

(A) ITEMS INCLUDED IN INCOME.—The determination requires the exclusion from gross income of an item included in a return filed by the taxpayer or with respect to which tax was paid and which was erroneously excluded or omitted from the gross income of the taxpayer for another taxable year \* \* \*

SEC. 1314(b). METHOD OF ADJUSTMENT.—The adjustment authorized in section 1311(a) shall be made by assessing and collecting, or refunding or crediting, the amount thereof in the same manner as if it were a deficiency determined by the Secretary or his delegate with respect to the taxpayer as to whom the error was made or an overpayment claimed by such taxpayer, as the case may be, for the taxable year or years with respect to which an amount is ascertained under subsection (a), and as if on the date of the determination one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund for such taxable year or years. \* \* \*

[2] Respondent does not contend that section 1312(7) with respect to "Basis of property after erroneous treatment of a prior transaction" is applicable here but apparently concedes that it is not.

351(a).[3]  In computing their income for 1956, petitioners used $200 per share as a basis for the stock received in the 1955 exchange.  The use of the basis of $200 a share for the stock in 1956 is inconsistent with the nonrecognition of gain on the exchange in 1955.

Another circumstance made necessary by section 1312(3)(A) for the provisions of sections 1311 and 1314 to permit adjustment to be made and the otherwise barred deficiency to be assessed is that the amount excluded from gross income in the determination for the year 1955, be an item included in a return filed by petitioner or with respect to which the tax was paid by petitioners.  The item excluded was the gain to petitioner on the exchange of his land for stock of Glenhaven, Inc.  Petitioners had reported on their amended return this gain as long-term capital gain and paid the tax accordingly.  Petitioners contend that since the amount reported was a capital gain it was not an amount includable in their gross income and therefore not an "item" within the meaning of section 1312(3)(A).  Certainly, reporting an amount as a capital gain on an income tax return and paying the tax with respect thereto is including such amount as an item of gross income.  In the determination of this Court as to the year 1955, the item was excluded not because it was not income but because we held that no gain should be recognized on the exchange under the provisions of section 351(a) of the Internal Revenue Code of 1954.  The nonrecognition of this gain was an exclusion of the item reported by petitioners from their 1955 income.  Cf. *Cory* v. *Commissioner*, 261 F. 2d 702 (C.A. 2, 1958), affirming 29 T.C. 903 (1955).

The question then resolves itself to whether the item of income excluded from petitioners' 1955 income was "erroneously * * * omitted from the gross income" of petitioners for 1956.  Petitioners argue that the item excluded in 1955 was gain on the exchange of land and that they had no gain on the exchange of land to be excluded in 1956.  In 1956 petitioner's stock in Glenhaven, Inc., was redeemed upon the liquidation of that corporation.  Under section 302 such a redemption

---

[3] In *Ralph E. Cotter, Jr.*, T.C. Memo. 1961–202, we stated:
On their 1955 income tax return, petitioners reported the difference between Ralph's basis in the land ($21,023.08) and the book value of the 250 shares of stock which he received in the exchange ($50,000) as long-term capital gain.  The income tax paid by petitioners for the year 1955 was $44,329.50, of which $6,602.78 was attributable to the capital gain reported on the exchange of the land for the stock.

In the statutory notice of deficiency respondent determined that petitioners erroneously reported Ralph's gain on the transaction as long-term capital gain and that the gain "from the sale" of the land to the corporation was "taxable as ordinary income."

In their petition to this Court petitioners allege that under the provisions of Section 351(a) of the 1954 Code[1] no gain should have been recognized on the exchange in question, that no deficiency therefore exists, and that they are entitled to a refund of tax paid attributable to the long-term capital gain which they mistakenly reported on the transaction in issue.

We agree with petitioners.  The stipulated facts bring the exchange in the instant case squarely within the nonrecognition provisions of Section 351(a) of the 1954 Code.  * * * [Footnote omitted.]

is treated, for income tax purposes, as if the amount received were received on the sale or exchange of the stock. Petitioner on his 1956 income tax return omitted a portion of the gain on the exchange of his stock because of the erroneous inclusion in his 1955 income tax return of the gain on the exchange of the land causing him to use as a basis for the stock other than the basis of the land. Respondent argues that the stock is a substitute for the land and therefore, in effect, the item omitted in 1956 is gain on the exchange of land.

Petitioners argue that the redemption of his Glenhaven stock is an entirely separate transaction from the exchange of his land for the stock, and that even though an erroneous basis for this stock was used in their 1956 return, there is no item omitted from their income for that year which they erroneously excluded from their 1955 income.

The philosophy underlying the nonrecognition of gain upon the exchange of property for stock in a transaction which comes within the provisions of section 351(a) is that the taxpayer has merely converted the nature of his holdings. The gain is there but is not recognized for tax purposes until such time as money or an unrelated property is received. Section 358 provides that in the case of an exchange to which section 351 applies, the basis of the property permitted to be received under such section without recognition of gain or loss shall be the same as that of the property exchanged. Such a basis is often referred to as a "substituted" basis. We feel that the theory of these sections is that the property received in an exchange which comes within the nonrecognition provision of section 351(a) replaces the property exchanged for the purpose of computing taxable income. It follows that the exclusion of the gain in the year of the exchange results in excluding an item of income which is the same as the item omitted from gross income through use in a subsequent year of a basis for the property received as if gain had been recognized in the year of the exchange. For this reason we hold that section 1312(3)(A) is applicable in the instant case and that respondent's notice of deficiency was timely under the provisions of sections 1311 and 1314(b).

*Decision will be entered for the respondent.*