T.C. Memo. 1997-140


UNITED STATES TAX COURT


ESTATE OF JAMES A. BEATON, DECEASED,
SHIRLEY BEATON, EXECUTRIX, AND SHIRLEY BEATON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


ALAN B. STEINER AND BARBARA W. STEINER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 28181-92, 28182-92.      Filed March 18, 1997.


     R issued notices of deficiency dated Sept. 28, 1992,
for Ps' 1985 year.  Ps filed timely petitions asserting the
period of limitations had expired.  R filed answers
asserting the application of the mitigation provisions.
Secs. 1311-1314, I.R.C. 1986.  Decisions as to 1984, entered
pursuant to our opinion in Steiner v. Commissioner, T.C.
Memo. 1995-122, which respondent contends are the relevant
determinations, became final in late 1996.

     Held:  The mitigation provisions do not permit an
adjustment to Ps' 1985 year, because on the date the notices
of deficiency for 1985 were issued a relevant determination
had not occurred within the 1-year period ending on that
date.

Michael I. Sanders, Craig A. Etter, and Timothy J. Jessell, for petitioners.

Kathleen E. Whatley, for respondent.


MEMORANDUM OPINION

CHABOT, Judge:  This matter is before the Court on respondent's motions for partial summary judgment[1] under Rule 121.[2]  The instant cases have been consolidated for opinion.

Respondent asks the Court to determine that, on the date the notices of deficiency were issued, the statute of limitations for assessment of Federal income tax had closed petitioners' 1985 year and that year had not been reopened by the mitigation provisions of sections 1311-1314[3].  We decide these motions on the basis of the parties' pleadings and written submissions, and

---

[1]    If respondent's motions are granted, then there will not be any issue remaining to be decided, and decisions will be entered. Accordingly, respondent's motions are treated as motions for summary judgment.

[2]    Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]    References to secs. 1311-1314 are to sections of the Internal Revenue Code of 1986 as in effect for determinations (as defined in sec. 1313(a)) made in or after 1992; references to sec. 83(b) are to that provision of the Internal Revenue Code of 1954 as in effect for 1983; unless indicated otherwise, all other section references are to sections of the Internal Revenue Code of 1954 as in effect for 1985.

our findings and holdings in <u>Steiner v. Commissioner</u>, T.C. Memo. 1995-122.

By notices of deficiency issued September 28, 1992, respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6653(a) (negligence, etc.) and 6661 (substantial understatement of income tax) against petitioners as follows:

|  |  |  | Additions to tax | | |
|  |  |  | Sec. | Sec. | Sec. |
| Petitioner | Year | Deficiency | 6653(a)(1) | 6653(a)(2) | 6661 |
| Beaton | 1985 | $119,550 | $5,978 | [1] | $29,888 |
| Steiner | 1985 | 53,335 | 2,667 | [1] | 13,334 |

[1] 50 percent of the interest due on the entire deficiency.

### Background

When the petition was filed in docket No. 28181-92, Shirley Beaton resided in Rancho Mirage, California. James A. Beaton resided in Reno, Nevada, when he died. When the petition was filed in docket No. 28182-92, Alan B. Steiner and Barbara W. Steiner resided in Italy.

James A. Beaton (hereinafter sometimes referred to as Beaton) was a senior vice president of VeloBind, Inc. (hereinafter sometimes referred to as VeloBind) from April 1983 until May 1, 1986, when he retired. Alan B. Steiner (hereinafter sometimes referred to as Steiner) was a director of VeloBind from 1979 until November 1991.

In June 1983 VeloBind's shareholders and directors approved a sale of VeloBind Junior Common Stock--Series A to Beaton, and to Steiner and the other directors of VeloBind. In 1983, Beaton bought 15,000 shares and Steiner bought 7,500 shares of Junior Common Stock--Series A. Beaton and Steiner filed timely elections under section 83(b) with respect to these purchases.

Each share of Junior Common Stock--Series A carried one-sixteenth of the dividend, liquidation, and voting rights of one share of VeloBind common stock. Each share of Junior Common Stock--Series A was to convert automatically into one share of common stock if one of four specified events occurred. One of these events did occur, and the stock converted.

On September 13, 1990, respondent issued notices of deficiency for 1984 to petitioners. In these notices of deficiency respondent determined that the conversion of Junior Common Stock--Series A into common stock was a taxable event that occurred in 1984. On December 12, 1990, petitioners filed petitions for 1984.

On September 28, 1992, respondent issued notices of deficiency for 1985 to petitioners. In these notices of deficiency respondent determined that petitioners received additional income in the form of common stock. On December 21, 1992, petitioners filed petitions for 1985. In their petitions for 1985, petitioners assert that the period of limitations under section 6501 for assessment of tax for 1985 had expired before

respondent mailed the notices of deficiency for 1985. Petitioners filed their tax returns for 1985 on or before April 15, 1986.

In the answers for 1985 respondent contends that if the Court holds in petitioners' dockets for 1984 that the Junior Common Stock--Series A converted into common stock in 1985, then the period of limitations for 1985 is open as a result of mitigation under sections 1311-1314. Respondent does not deny that, otherwise, the period of limitation is closed. In the replies petitioners deny that the mitigation provisions apply for 1985.

Petitioners' dockets for 1984 were consolidated for trial, briefing, and opinion with six other dockets; the Court held in Steiner v. Commissioner, T.C. Memo. 1995-122, that the Junior Common Stock--Series A converted into common stock at some point in 1985. The Court entered decisions in petitioners' dockets for 1984 on February 12, 1996. On July 23, 1996, the Court of Appeals for the Tenth Circuit dismissed respondent's appeal in the Steiners' docket. On August 8, 1996, the Court of Appeals for the Ninth Circuit dismissed respondent's appeal in the Beatons' docket. Respondent did not file any petition for certiorari, and our decisions became final in due course.

## Discussion

Respondent contends that the mitigation provisions under sections 1311-1314 do not open the period of limitations for

petitioners' 1985 year in the instant cases because the notices of deficiency were issued before a determination under section 1313(a) constituting a mitigating event had occurred.

Petitioners contend that the mitigation provisions under sections 1311-1314 do not apply to petitioners' 1985 year because (1) the notices of deficiency were issued before a determination under section 1313(a) constituting a mitigating event had occurred, and (2) there has not yet been a determination described in section 1312(3)(B).

We agree with respondent and with petitioners' first contention.

The question before us appears to be one of first impression for this Court; it is whether a notice of deficiency can open for limited purposes an otherwise closed year, when that notice (1) alleges the applicability of the mitigation provisions to make an adjustment in the closed year, and (2) was issued before the occurrence of a mitigating "determination".  Or, as respondent puts it, the question is "whether a premature notice of deficiency can be cured".

"The purpose of sections 1311-1315[4] is to mitigate the effect of the statute of limitations <u>in certain carefully described situations</u>."  <u>Bradford v. Commissioner</u>, 34 T.C. 1051,

---

[4]     Sec. 1315, a special effective date provision for the mitigation provisions revision by the enactment of the Internal Revenue Code of 1954, was repealed by the so-called "Deadwood" title of the Tax Reform Act of 1976. of Pub.L. 94-455, Sec. 1901(a)(143) 90 Stat. 1520, 1788.  Secs. 1311-1314 remain.

1054 (1960). (Emphasis added.) Our discussion will focus on those portions of the mitigation provision necessary or helpful to understand the resolution of these dockets. So, for example, our discussion of notices of deficiency and respondent's invocation of these provisions will not deal with the similar, but sometimes not identical, rules for taxpayers' refund claims. O'Donnell v. Belcher, 414 F.2d 833, 841 (5th Cir. 1969). Section 1311[5] provides for the correction of an error if, on the

---

[5]     Sec. 1311 provides, in pertinent part, as follows:

SEC. 1311. CORRECTION OF ERROR.

    (a) General Rule.--If a determination (as defined in section 1313) is described in one or more of the paragraphs of section 1312 and, on the date of the determination, correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part [i.e., secs. 1311-1314, which constitute part II of subch. Q of ch.1] and other than section 7122 (relating to compromises), then the effect of the error shall be corrected by an adjustment made in the amount and in the manner specified in section 1314.

    (b) Conditions Necessary for Adjustment.--

            *   *   *   *   *   *   *

    (2) Correction not barred at time of erroneous action.--

        (A) Determination described in section 1312(3)(B).--In the case of a determination described in section 1312(3)(B) (relating to certain exclusions from income), adjustment shall be made under this part only if assessment of a deficiency for the taxable year in which the item is includible or against the related taxpayer was not barred, by any law or rule of law, at the time the Secretary first maintained, in a notice of
                                              (continued...)

date of a determination (as defined in section 1313 and described in section 1312), correction of the effect of the error is prevented by the operation of any law or rule of law, other than (1) sections 1311-1314 and (2) section 7122. Section 1311 provides that the effect of the error is to be corrected by an adjustment under section 1314.

Section 1313(a)[6] defines the term "determination". Section 1312[7] describes the specific requirements that a determination

---

[5] (...continued)
deficiency sent pursuant to section 6212 or before the Tax Court, that the item described in section 1312(3)(B) should be included in the gross income of the taxpayer for the taxable year to which the determination relates.

[6] Sec. 1313 provides, in pertinent part, as follows:

SEC. 1313. DEFINITIONS.

(a) Determination.--For purposes of this part, the term "determination" means--

(1) a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final;

[7] Sec. 1312 provides, in pertinent part, as follows:

SEC. 1312. CIRCUMSTANCES OF ADJUSTMENT.

The circumstances under which the adjustment provided in section 1311 is authorized are as follows:

* * * * * * *

(3) Double exclusion of an item of gross income.--

* * * * * * *

(continued...)

must meet in order for it to be a determination that may lead to an adjustment under sections 1311 and 1314.  Section 1314(b)[8] describes the method by which this adjustment is to be made.

Thus, in general, the mitigation provisions apply only if (1) there is an error, (2) there is a determination that meets certain requirements, (3) at the time of the determination a "law or rule of law" has the effect of "locking in" the error, and (4) the detailed statutory "method of adjustment" in section 1314(b) is complied with.

In the instant cases, the error that respondent complains of is that petitioners did not report on their 1985 tax returns the

---

[7]    (...continued)

> (B) Items not included in income.--The determination requires the exclusion from gross income of an item not included in a return filed by the taxpayer and with respect to which the tax was not paid but which is includible in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer.

[8]    Sec. 1314(b) provides, in pertinent part, as follows:

SEC. 1314. AMOUNT AND METHOD OF ADJUSTMENT.

* * * * * * *

> (b) Method of Adjustment.--The adjustment authorized in section 1311(a) shall be made by assessing and collecting, or refunding or crediting, the amount thereof in the same manner as if it were a deficiency determined by the Secretary with respect to the taxpayer as to whom the error was made or an overpayment claimed by such taxpayer, as the case may be, for the taxable years or year with respect to which an amount is ascertained under subsection (a), and as if on the date of the determination one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund for such taxable year or years. * * *

income that, respondent contends, Beaton and Steiner received on the occasion of the conversion of their VeloBind Junior Common Stock--Series A into VeloBind common stock. When our determination that this conversion occurred in 1985, and not 1984, became final (the determination that respondent contends is described in section 1312), 1985 was closed by the statute of limitations.

Section 1314(b) directs respondent to precede "in the same manner as if it [the claimed adjustment] were a deficiency determined by the Secretary with respect to the taxpayer as to whom the error was made"--e.g., by notices of deficiency to petitioners. Section 1314(b) then provides its own statute of limitations--i.e., "as if on the date of the determination one year remained before the expiration of the periods of limitation upon assessment * * * for such taxable year".

This statutory structure envisions a two-step procedure: A determination, followed by the issuance of a notice of deficiency within 1 year after the determination. See Benenson v. United States, 385 F.2d 26, 31 (2d Cir. 1967).

Section 1.1314(b)-1(b), Income Tax Regs., provides in pertinent part, as follows:

> (b) For the purpose of the adjustments authorized by section 1311, the period of limitations upon the making of an assessment or upon refund or credit, as the case may be, for the taxable year of an adjustment shall be considered as if, on the date of the determination, one year remained before the expiration of such period. The Commissioner thus has one year from the date of the determination within which to mail a notice of deficiency in respect of the amount of

the adjustment where such adjustment is treated as if it were a deficiency.  The issuance of such notice of deficiency, in accordance with the law and regulations applicable to the assessment of deficiencies will suspend the running of the 1-year period of limitations provided in section 1314(b). * * *

Any doubt as to sequencing that might have remained after examining the statute is dispelled by the Treasury Regulations, which require respondent to issue the notice of deficiency within "one year from the date of the determination".  Thus, the structure of the mitigation provisions does not leave room for a mitigation claim to be made in a notice of deficiency issued before a relevant determination.

Because the notices of deficiency in the instant case were issued before the only determinations that could be relevant determinations as to petitioners herein, these notices of deficiency have not made effective mitigation claims.

This analysis is consistent with, and this conclusion is identical to, that appearing in O'Donnell v. Belcher, 414 F.2d at 842-843.

This conclusion also is consistent with the analyses in Benenson v. United States, 385 F.2d at 30-31 n.7, and Cory v. Commissioner, 29 T.C. 903, 907 (1958), affd. 261 F.2d 702, 704 (2d Cir. 1958), to the effect that until the decision in the first case became final (1) "there can be no certain need for an adjustment" (Benenson), and (2) the Commissioner "could not correctly determine a deficiency" for the second case (Cory).

Because the period of limitations for 1985 under section 6501 expired before the notices of deficiency were issued in the instant cases, assessment in each of the instant cases is barred by the statute of limitations.

———————————————

Petitioners ask us to also decide the following:

(1) Each of the final decisions entered pursuant to our opinion in Steiner v. Commissioner, T.C. Memo. 1995-122, "Does Not Represent a Determination described in Code section 1312(3)(B) for Purposes of the Mitigation Provisions."

(2) "The Statute of Limitations for 1985 Expired [sic] on April 15, 1989 [sic] prior to the issuance of the Notice of Deficiency for 1984."

Our conclusions in the instant cases, and the decisions entered herein, would not be affected by any conclusion we might state as to either of these issues. Accordingly, we decline to analyze either of these issues. Chevron Corp. v. Commissioner, 98 T.C. 590 (1992); LTV Corp. v. Commissioner, 64 T.C. 589 (1975).

In light of the foregoing.

Respondent's motions will be granted, and decisions will be entered that there are no deficiencies and no additions to tax.