CHEVRON CORPORATION AND AFFILIATED COMPANIES, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 24954-90.          Filed May 13, 1992.

*Carl A. Nordberg, Jr., Daniel Horowitz,* and *John P. McAllister,* for petitioners.

*Joyce E. Britt,* for respondent.

OPINION

NIMS, *Chief Judge:* This matter is before the Court on petitioners' motion for leave to file first amended petition. (All Rule references are to the Tax Court Rules of Practice and Procedure.)

Petitioners timely filed a petition with this Court contesting respondent's deficiency determinations for 1977 and 1978 as well as raising claims that provide the basis of an overpayment, to which respondent filed a timely answer. Petitioners' principal office was located at 225 Bush Street, San Francisco, California, at the time the petition was filed.

Subsequently, petitioners filed a motion for leave to file a first amended petition and lodged with the Court a first amended petition. The amended petition raises four additional issues pertaining to the years before the Court, including a claimed right to reclassify a portion of petitioners' Indonesian foreign tax credits from taxes attributable to foreign oil extraction income to taxes attributable to transportation service income.

Respondent initially opposed the granting of petitioners' motion for leave to amend their petition. However, at a hearing on this matter respondent withdrew her opposition to petitioners' motion for leave to amend except as to one issue, namely, petitioners' request for a reclassification of Indonesian foreign tax credits.

Respondent opposes so much of petitioners' motion to amend as relates to the reclassification of Indonesian foreign tax credits because resolution of that issue would have no tax effect on the years at issue, although it remains conjectural whether such foreign tax credits could be absorbed as carrybacks and carryforwards to other taxable years. Respondent also objects because preparation for litigation on the disputed issue would require a Brobdingnagian effort by all parties, precluding a swift resolution of this case.

Petitioners agree that resolution of the Indonesian foreign tax credits issue will have no tax effect on the years at issue. However, petitioners seek to include that issue in their amended petition out of concern that res judicata or collateral estoppel will preclude them from raising that issue in any subsequent litigation. In essence, petitioners are seeking to preempt an argument by respondent in a later year that petitioners are precluded from raising the Indonesian foreign tax credits issue because they could have raised it in the years before us and failed to do so.

Rule 41(a) provides in part:

A party may amend a pleading once as a matter of course at any time before a responsive pleading is served. * * * Otherwise a party may amend a pleading only by leave of Court or by written consent of the adverse party, and leave shall be given freely when justice so requires. No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file. * * *

The amended petition in this case was not filed within the time a responsive pleading could have been filed as a matter of course; therefore, the amended petition may be allowed only by leave of Court. By raising the Indonesian foreign tax credits issue petitioners do not seek to confer jurisdiction on the Court over a matter which would not otherwise come within our jurisdiction, since the tax credits arose out of the years at issue. See *O'Neil v. Commissioner,* 66 T.C. 105, 107-108 (1976). Hence, the jurisdictional bar of Rule 41(a) does not preclude us from considering the Indonesian foreign tax credits issue, and we must allow its inclusion if justice so requires. Rule 41(a).

In *LTV Corp. v. Commissioner,* 64 T.C. 589 (1975), the parties continued to disagree over the amount of net operating losses attributable to 1968 and 1969 after respondent conceded the deficiency determination for the years at issue (1965 and 1966). We held that we had jurisdiction over the net operating loss issue but declined to determine the correct amount of losses for the later years. We stated that "such a determination would in any event relate to a deduction that may be used in some future year, and would provide no assistance in

resolving the deficiencies in the years before us." *LTV Corp. v. Commissioner, supra* at 596.

Our decision in *LTV Corp.* was based on judicial administration concepts, including ripeness, mootness, and advisory opinions, which allow a court to decline to render a decision on a matter though not precluded by a jurisdictional bar from considering the issue. *LTV Corp. v. Commissioner, supra* at 595. Thus, we concluded that no matter what we might otherwise decide with regard to the amount of net operating losses available for 1968 and 1969, the decision would have "absolutely no impact on the years before the Court, since the decision will be the same in any event—no deficiency." *LTV Corp. v. Commissioner, supra* at 596.

As in *LTV Corp.*, resolution of the Indonesian foreign tax credits issue will have no impact on tax liability for 1977 and 1978, the years before the Court. Furthermore, all of the parties as well as the Court would have to expend considerable time and effort on a matter that may never affect petitioners' tax liability for any year.

In addition, res judicata and collateral estoppel will not preclude petitioners from raising the Indonesian foreign tax credits issue in a succeeding year, and this is an additional and significant ground for denying petitioners' motion to amend so as to raise the disputed issue. The Supreme Court has stated that "res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. *Commissioner v. Sunnen,* 333 U.S. 591, 597 (1948). The rule contemplates that once a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are bound as to each matter that sustained or defeated the claim and as to any other admissible matter that could have been offered for that purpose. *Commissioner v. Sunnen, supra* at 597 (citing *Cromwell v. County of Sac,* 94 U.S. 351, 352 (1876)).

Res judicata would not bar petitioners from raising the Indonesian foreign tax credits issue in a succeeding year because a final judgment in this case will not be based on that issue, and because in any event each tax year creates a new cause of action even if the issue arises from a continuing

transaction.  *Commissioner v. Sunnen, supra* at 597.  In addition, since we decline to decide the Indonesian foreign tax credits issue in this case, the issue is not a "matter that could have been offered" on the merits of this cause of action.  Thus, res judicata will not prevent petitioners from raising the reclassification of foreign tax credits in a subsequent year.

Nor would collateral estoppel prevent petitioners from raising the Indonesian foreign tax credits issue in a different year.  For collateral estoppel to apply, the issue in question must have been "actually and necessarily determined by a court of competent jurisdiction".  *Montana v. United States,* 440 U.S. 147, 153 (1979).  Once an issue has been decided in a final judgment by a court of competent jurisdiction, that issue cannot be relitigated in a subsequent suit between the same parties. *Peck v. Commissioner,* 90 T.C. 162 (1988), affd. 904 F.2d 525 (9th Cir. 1990).  In this case, the Indonesian foreign tax credits issue will not be "actually litigated", and therefore collateral estoppel will not preclude petitioners from raising the reclassification of those tax credits in a later year.

Accordingly, so much of petitioners' motion for leave to file first amended petition that raises the reclassification of Indonesian foreign tax credits will be denied.  The remainder of petitioners' motion for leave to file first amended petition will be granted.

*An appropriate order will be issued.*