T.C. Memo. 2000-217


UNITED STATES TAX COURT


ROBERT EMMETT ROBERTSON, III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20076-96.             Filed July 18, 2000.


        P and R filed stipulations that resolved most of the
issues in this case.  R conceded the issues not resolved by
the stipulations.  P asks us to characterize certain items
as business income (Sched. C) rather than Sched. B interest
income.  The characterization of these items will not change
P's deficiency.

        <u>Held</u>:  We decline to hold that the items in question
are business income.


Robert Emmett Robertson III, pro se.

<u>Robert E. Williams, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHABOT, Judge:  Respondent determined deficiencies in individual income tax and additions to tax under sections 6651(a)(1)[1] (late filing of tax return) and 6653(a) (negligence, etc.) against petitioner as follows:

| | | Additions to Tax | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6651 | Sec. 6653(a) | Sec. 6653(a)(1) | Sec. 6653(a)(2) |
| 1981 | $11,194 | | $560 | | |
| 1982 | 14,406 | $3,602 | | $720 | 50% interest on $14,406 |
| 1983 | 2,843 | | | 142 | 50% interest on 2,843 |
| 1984 | 1,212 | 165 | | 61 | 50% interest on 1,212 |
| 1985 | 6,332 | | | 317 | 50% interest on 6,332 |

After concessions[2] the issue for decision is whether a certain income item for 1981 and a certain income item for 1982 should be treated as income from trades or businesses or as interest income, not from trades or businesses.

FINDINGS OF FACT

Some of the facts have been stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference.

---

[1]Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue.

[2]The parties filed two sets of stipulations, with a total of 63 paragraphs, resolving numerous issues.  At trial, respondent orally conceded all the additions to tax and all the remaining matters in dispute, except for the issue for decision in this opinion.

When the petition was filed in the instant case, petitioner resided in Baltimore, Maryland.

Procedural History

The instant case was first calendared for trial at a trial session beginning January 26, 1998.  Petitioner's January 2, 1998, continuance motion was granted because of petitioner's representations as to his health status.

The case was then calendared for trial at the Baltimore, Maryland, trial session, beginning December 14, 1998.  At the December 14, 1998, trial session petitioner orally moved that the case be continued and that the place of trial be moved from Baltimore to Washington, D.C.  Respondent did not object to this motion.  The case was continued, the place of trial was changed to Washington, D.C., and jurisdiction of the instant case was retained by the same division of the Court.

After a series of telephone calls to assist the parties to either settle or sharpen the unsettled issues, on August 24, 1999, the case was calendared for trial at the Washington, D.C., trial session beginning November 29, 1999.

At the November 29, 1999, calendar call, petitioner asked that the case be set for trial at the end of the 2-week session. On December 10, 1999, the case was recalled for trial.  The parties filed two sets of stipulations with a total of 63 paragraphs.  These stipulations disposed of substantially all the

issues.  Respondent then orally conceded all the additions to tax, a 1981 partnership loss item, and a 1981 capital loss item resulting in a carryover to 1982.  Respondent's counsel represented that this disposed of all the issues, except that petitioner had advised him "approximately five minutes ago" of an intent to raise another issue.

After some discussion as to petitioner's contentions, the following colloquy occurred:

> THE COURT:  You were prepared -- today was supposed to be the trial, so you were prepared to offer whatever evidence you need to offer on this matter, or do you think that the evidence in the record is sufficient to enable you to make your argument?
>
> MR. ROBERTSON:  I think what we have entered on the record is sufficient, yes, I do.

Petitioner then filed (1) a Motion for Continuance to Remedy Discovery Improperly Denied Petitioner, (2) a Motion for Continuance due to Difficulty Stipulating, (3) a Motion for Continuance to Subpoena Witnesses Necessitated by Belated Denial of Transcript, (4) a Motion for Continuance to Obtain Transcript Evidence Improperly Denied Petitioner, and (5) a Motion to Set Aside Results of 1989 Hearing Made Defective by Lack of Transcript.  After oral argument, the Court denied all of these motions for reasons set forth in the transcript of proceedings.

The "Dispute"

On his 1981 tax return, petitioner reported $10,513 as income on a Schedule C under the business name Project Identification Team.  The parties' stipulations include the following:

> 15.  For 1981, the petitioner received interest income in the amount of $11,219 from Fidelity Investments.
>
> 16.  For 1981, the petitioner reported as gross receipts on his 1981 tax return, Schedule C, $10,513 of the $11,219 interest income which he received from Fidelity Investments.
>
> 17.  For 1981, the petitioner did not report anywhere on his 1981 tax return the remaining $706 [$11,219 - $10,513 = $706] in interest income received from Fidelity Investments.
>
> *     *     *     *     *     *     *
>
> 30.  For 1981, the $10,513 reported by petitioner on his 1981 Schedule C as gross receipts was actually interest income.
>
> *     *     *     *     *     *     *
>
> 35.  For 1982, the petitioner received $12,298 in interest income from Fidelity Investments.

OPINION

Petitioner contends that certain income from Fidelity Investments ($10,513 for 1981, $12,298 for 1982) should be treated as Schedule C business income rather than Schedule B nonbusiness interest income.

Respondent contends that petitioner has failed to carry his burden of proof and that the matters are not properly before the Court.

We agree with respondent's conclusion and in part with respondent's analysis.

Firstly, at trial we repeatedly asked petitioner whether the change in characterization of the income would make any difference to the decision to be entered for any of the years in the instant case. Neither at trial nor on brief did petitioner direct our attention to any way in which the decision would be affected, and the Court has not found in the record any way in which the decision would be affected, except to possibly increase a deficiency because of self-employment tax. Under these circumstances, we decline to determine in the instant case whether the income items are properly Schedule C items. See Chevron Corp. v. Commissioner, 98 T.C. 590 (1992); LTV Corp. v. Commissioner, 64 T.C. 589 (1975).

Secondly, petitioner has not directed our attention to, and we have not found, any evidence in the record from which we might fairly conclude that it is more likely than not that either of petitioner's Fidelity Investment income items for 1981 and 1982 is income from a trade or business then carried on by petitioner.

Thirdly, the parties' stipulations explicitly provide that the 1981 income item reported by petitioner as Schedule C gross

receipts was actually interest income; the parties seem to read the stipulation as to the 1982 item the same way. We conclude that justice does not require us to relieve petitioner from the effect of the parties' stipulations. See Rule 91(e), Tax Court Rules of Practice and Procedure; Louisiana Land & Exploration Co. v. Commissioner, 90 T.C. 630, 648 (1988).

_____

Time after time petitioner has interposed objections or new considerations which have had the effect of delaying resolution of the instant case and only rarely have affected the decision to be entered. Petitioner stated that the matters dealt with in this opinion were raised after discussion with an unnamed tax adviser. Notwithstanding petitioner's frequent protestations about his inability to understand the tax laws and our agreement with him that much of the Internal Revenue Code would challenge an Einstein, we are satisfied from our observations of petitioner that he has a reasonably good understanding of the essentials of those Code provisions that apply to him. Under these circumstances, if petitioner proceeds in a like manner in a future case, he should understand that the Court may be inclined to give serious consideration to imposition of a penalty under section 6673. Petitioner may not be then able to hide behind the asserted advice of his unnamed tax adviser.

To give effect to the parties' stipulations and respondent's concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
