Erma ROSENBERGER, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 9750(2).

United States District Court
E. D. Missouri, E. D.

Nov. 7, 1955.

H. M. Stolar, Norman Begeman, and Edwin Grossman, St. Louis, Mo., for plaintiff.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Edward W. Rothe, Attys., Dept. of Justice, Washington, D. C., Harry Richards, U. S. Atty., and W. Francis Murrell, Asst. U. S. Atty., St. Louis, Mo., for defendant.

HULEN, District Judge.

This is a suit to recover an overpayment of income taxes for the year 1946. The Government admits the overpayment. The sole question presented is whether Section 3801(b) (5), U.S.Code, Title 26, eliminates the bar of the statute of limitations, by virtue of the decision of this Court in Bauman v. United States, D.C., 106 F.Supp. 384. The facts are found in the prior memorandum. We have now for ruling only a question of law.

Section 3801, provides a method for correction of errors in tax returns and tax liability created either by inclusion or exclusion for a period, which but for Section 3801 would be barred, when there has been a determination in a subsequent year which adopts a position taken by the Commissioner of Internal Revenue inconsistent with the erroneous inclusion or exclusion.

Certain conditions must be met before the provisions of Section 3801 come into effect. Under the issues in this case—

"(a) * * *

"The term 'determination under the income tax laws' means—

* * * * *

"(B) A decision by The Tax Court of the United States or a judgment, decree, or other order by any court of competent jurisdiction, which has become final; or

* * * * *

"(b) * * *

"When a determination under the income tax laws—

* * * * *

"(5) Determines the basis of property for depletion, exhaustion, wear and tear, or obsolescence, or for gain or loss on a sale or exchange, and in respect of any transaction upon which such basis depends there was an erroneous inclusion in or omission from the gross income of, or an erroneous recognition or nonrecognition of gain or loss to, the taxpayer or any person who acquired title to such property in such transaction and from whom mediately or immediately the taxpayer derived title subsequent to such transaction * * * and, on the date the determination becomes final, correction of the effect of the error is prevented by the operation (whether before, on,

or after May 28, 1938) of any provision of the internal-revenue laws other than this section and other than section 3761 (relating to compromises), then the effect of the error shall be corrected by an adjustment made under this section. * * * such adjustment shall be made only if there is adopted in the determination a position maintained by the Commissioner (in case the amount of the adjustment would be refunded or credited in the same manner as an overpayment under subsection (c)) or by the taxpayer with respect to whom the determination is made (in case the amount of the adjustment would be assessed and collected in the same manner as a deficiency under subsection (c)), which position is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be. * * *"

## I

The Government takes the position that all that was determined in the prior suit on its counterclaim was that plaintiff had failed to include dividends in her income for the years 1935–43 and that the ruling on the counterclaim did not determine basis. To reach this conclusion, and the Government so insists, the counterclaim must be treated entirely separate and distinct from the claim in the complaint.

The error in this position is that the Government's right to recover on its counterclaim arose only by reason of the Court's ruling on the complaint and the counterclaim was filed only after the Court had indicated its ruling on the complaint. It seems obvious to us that had the Government brought suit within the statutory period for the funds which were the subject of the counterclaim, there would have had to be a determination of basis, as was done on the issues raised by the complaint. The determination of basis of

the debentures for gain or loss on a sale or exchange and allowance of the counterclaim was all in one suit. The issues were so intermingled and directly related that our decision on the complaint necessarily called for the filing of the counterclaim, and predetermined it. We find no authority, under a factual situation such as presented here, calling for a division in law of that which is indivisible in fact.

## II

Defendant's second position is the same as under point I, but presented in a different manner:

"If allowance of the counterclaim did involve a determination of basis for gain or loss on a sale or exchange, did that basis depend on any transaction in respect of which there was an erroneous recognition of gain to taxpayer? To be sure, there was an erroneous recognition of gain to taxpayer in 1946, caused by the fact that she had erroneously treated the 1932–1942 distributions as reducing her cost basis in the debentures. But in what way did the determination (in the allowance of the counterclaim) that those distributions did not reduce basis but were taxable income depend upon any transaction in respect of which there was an erroneous recognition of gain to taxpayer in 1946?"

The Government concludes its argument under this point as follows:

"Taxpayer's argument fails to distinguish between what was determined in the judgment allowing her claim for refund for 1947, and in the judgment granting the Government's counterclaim for 1935–1943. The former determined basis and in respect of the 1946 distribution, upon which such basis depended, there was an erroneous recognition of gain to taxpayer; the latter determined only that the 1932–1942 distributions were taxable dividends and, even if this is somehow construed to be a determination

of basis, it did not depend, in any way, upon the 1946 distribution, which is the only transaction with respect to which there was an erroneous recognition of gain to taxpayer."

When the Government concedes that our former judgment did determine basis "in respect of the 1946 distribution" and consequent erroneous tax return by plaintiff, and that it was in the same action and on the foundation of the same finding, and under Section 3801, that it recovered the taxes lawfully due it on its counterclaim, we cannot agree that now in this action the finding on the complaint in the former action should be ignored. And it must be to sustain defendant's position.

### III

 Under point III the Government's brief sets forth:

"* * * the Government's position in the counterclaim, that the 1932–1942 distributions were taxable income and not applicable to reduce basis, was inconsistent with the erroneous recognition of gain to taxpayer in 1946, since there would be no taxable gain in 1946, if that were the correct treatment of the distributions. But the counterclaim was entered only at this Court's suggestion, after this Court had adopted taxpayer's theory of the facts and law."

The brief then proceeds to argue that it was the taxpayer who took an inconsistent position and that because the taxpayer was sustained the Government had no choice under the Court's memorandum but to file its counterclaim.

The Court's memorandum plainly left the matter of choice with the Government. It must have acted advisedly.

Nor do we think this case can be disposed of on the argument that it seeks to build one Section 3801 recovery on another. We find nothing in the law to prohibit it. The prior decision is applicable because of the same factual situation. This case presents only an attempt at completion of correcting the financial effects of an admittedly erroneous tax return and permitting the taxpayer to avail itself of Section 3801 after the Government has done so. We do not have a case of related subject matter but an action involving the same subject matter and same facts.

We find plaintiff has met the burden of bringing her case within the provisions of Section 3801.

Let findings of fact and conclusions of law be settled and presented.