Hans **RASMUSSEN**, Plaintiff-Appellee,

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 86–3471.

United States Court of Appeals,
Fifth Circuit.

March 10, 1987.

Raymond W. Hepper, Steven Shapiro, Chief, Civil Trial Section, Southern Region, Justice Dept., Tax Div., William D.M. Holmes, Tax Div., U.S. Dept. of Justice, Michael L. Paup, Chief, Appellate Sec., Roger M. Olsen, Asst. Atty. Gen., Jonathan S. Cohen, Washington, D.C., for defendant-appellant.

Herman C. Hoffmann, Jr., Hurley & Hoffman, New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, GEE, and REAVLEY, Circuit Judges.

THORNBERRY, Circuit Judge:

The United States appeals the district court's judgment in favor of taxpayer Hans Rasmussen on Rasmussen's claim for refund of overpaid federal income tax. We agree with the United States that Rasmus-sen did not satisfy the mitigation provisions of the Internal Revenue Code, and the statute of limitations therefore bars his claim.

On October 23, 1984, Hans Rasmussen, as sole shareholder and liquidator of Canal Marine Repairs, Inc. ("Canal"), filed this action to recover $84,235 in corporate income taxes paid by Canal for its taxable year ended April 30, 1978. Canal sold all its assets and adopted a plan of liquidation in May 1977, and received a certificate of liquidation from the State of Louisiana in December 1977. On July 10, 1978, Canal filed its federal income tax return for its taxable year ended April 30, 1978. On that return, it reported the sale of the assets and paid $84,504 in tax.

Rasmussen did not report any gain or loss from the liquidation of Canal on his individual return. As the result of an audit, the Internal Revenue Service ("Service") alleged that Rasmussen, individually, owed capital gains tax on Canal's liquidation because he had actually or constructively received the proceeds of the liquidation. In November 1981, Rasmussen consented to the adjustments to his tax liability and paid the additional individual income tax due.

On October 13, 1982, Rasmussen filed a claim for refund on behalf of Canal seeking to recover the corporate income tax paid on the sale of Canal's assets. Rasmussen argued that because the Service had determined that Canal had distributed the proceeds of the liquidation to him, I.R.C. § 337 applied to the liquidation. Under I.R.C. § 337, Canal did not owe tax on the liquidation and therefore, it overpaid its federal income tax for the taxable year ended April 30, 1978. The Service denied the claim because Rasmussen filed it more than three years after he had filed the return for Canal's taxable year ended April 30, 1978. *See* I.R.C. § 6511(a)

On October 23, 1984, Rasmussen filed suit in the U.S. District Court to recover the tax that Canal paid on its liquidation. The complaint alleged that his claim for refund fell within the mitigation provisions

of the Code. I.R.C. §§ 1311–1314. The complaint also alleged that I.R.C. § 337 applied to Canal's liquidation and that as a result, Canal had overpaid its corporate income tax.

The government moved to dismiss the complaint because Rasmussen's claim was not timely and therefore did not confer jurisdiction on the district court. The government contended that the mitigation provisions were inapplicable because Rasmussen did not satisfy the specific statutory requirements. The district court denied the government's motion to dismiss and held that I.R.C. § 337 applied to the transaction.

No taxpayer may sue the United States for a refund of federal income taxes paid until "a claim for refund ... has been duly filed with the Secretary, according to the provisions of law in that regard...." I.R.C. § 7422(a). Generally a taxpayer must file a claim for refund within three years from the time the return was filed or two years from the time the tax was paid, whichever is later. I.R.C. § 6511(a). Rasmussen stipulated that he filed his claim for refund more than three years after he filed the return and paid the tax for Canal's taxable year ended April 30, 1978.

In certain narrowly tailored situations the mitigation provisions of the Internal Revenue Code provide relief from the application of the general three-year statute of limitations:

> (a) GENERAL RULE.—If a determination (as defined in section 1313) is described in one or more of the paragraphs of section 1312 and, on the date of the determination, correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part and other than section 7122 (relating to compromises), then the effect of the error shall be corrected by an adjustment made in the amount and in the manner specified in section 1314.

I.R.C. § 1311. The government argues that § 1311 does not apply to Rasmussen's claim for three reasons: (1) Rasmussen never received a "determination" within the meaning of I.R.C. § 1313; (2) Rasmussen's claim satisfied none of the "circumstances of adjustment" as defined in I.R.C. § 1312; and (3) the Service did not maintain an inconsistent position within the meaning of I.R.C. § 1311(b). We agree with the government that Rasmussen never received a "determination" within the meaning of I.R.C. § 1313.

Section 1313 defines the word "determination" to include four things:

> (1) a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final;
>
> (2) a closing agreement made under section 7121;
>
> (3) a final disposition by the Secretary of a claim for refund....
>
> (4) under regulations prescribed by the Secretary, an agreement for purposes of this part, signed by the Secretary and by a person, relating to the liability of such person (or the person for whom he acts) in respect of a tax under this subtitle for any taxable period.

I.R.C. § 1313(a). Rasmussen argues that, "Form 870, evidencing [his] personal tax liability, and his subsequent payment of the deficiency, constituted a final determination by the Commissioner. In making this final determination as to Rasmussen's personal tax liability based on the corporation's liquidation status, the Government made a final determination respecting the corporation's tax liability as well." The district court accepted Rasmussen's argument.

Both Rasmussen and the district court ignore the statutory definition of "determination" in I.R.C. § 1313. Rasmussen stipulated that there was neither a Tax Court decision, nor a judgment of any other court, nor a closing agreement, nor a final disposition of a refund claim, nor an agreement between Rasmussen and the Secretary as defined in § 1313(a)(4).

Rasmussen cites cases for the proposition that the mitigation provisions are re-

medial in nature and should be construed to do equity. The government cites cases for the proposition that the provisions should be strictly construed. In any case,

> [t]his Circuit has held that when applying the mitigation statutes the facts of each case must fit "into the concrete, detailed requirements set out in the statute." *United States v. Rachal,* 312 F.2d 376, 383 (5th Cir.1962). Moreover, taxpayer has the burden of proving that the mitigation statutes apply. *United States v. Rushlight,* 291 F.2d 508, 514 (9th Cir. 1961).

*Cocchiara v. United States,* 779 F.2d 1108, 1112 (5th Cir.1986). Because neither the district court nor Rasmussen can fit the facts of this case into the statutory definition of "determination," we reverse the district court's judgment in favor of Rasmussen and remand the case with instructions to dismiss. We do not reach the government's alternative arguments because the lack of a "determination" disposes of the case.

REVERSED AND REMANDED.