T.C. Memo. 1998-181

UNITED STATES TAX COURT

MUN LI FONG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5217-96.                    Filed May 14, 1998.

<u>Belan Kirk Wagner</u>, for petitioner.

<u>Christian A. Speck</u>, for respondent.


MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This case is before the Court under Rule 121[1]

on petitioner's motion for summary judgment.

---

[1]    Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code in effect for the
year in issue.

As a matter of law, petitioner contends that respondent's notice of deficiency in income tax to petitioner for 1986 in the amount of $375,173 is barred by the 3-year period of limitation under section 6501 and that the mitigation provisions of the Code (specifically the circumstance of adjustment described in section 1312(7)) are not applicable. Respondent objects to petitioner's motion for summary judgment on the law and also on the ground that material facts remain in dispute.

The underlying substantive tax adjustment reflected in respondent's notice of deficiency involves an increase of approximately $1.9 million in the amount of taxable gain petitioner realized in 1986 on liquidation and distribution of the assets of Lee Yuen Enterprises (Hong Kong) Ltd. (LY Enterprises), a Hong Kong corporation authorized to do business in California, in which corporation petitioner was the sole shareholder.

In 1986, LY Enterprises was engaged in the business of owning and operating grocery stores in the United States and investing in land development in California and in Hong Kong.

On December 31, 1986, pursuant to a plan of complete liquidation, LY Enterprises distributed its assets to

petitioner.[2]  Among assets distributed to petitioner were four parcels of real property located in Sacramento, California (the properties).

On petitioner's 1986 individual Federal income tax return that was filed on April 15, 1987, petitioner reported a total cumulative net value of $147,262 for the properties and other assets she received on liquidation of LY Enterprises, a basis of $75,000 for her stock in LY Enterprises and a capital gain of $72,262 relating to the liquidating distribution she received from LY Enterprises.

In 1987, petitioner contributed the properties that she received in 1986 on liquidation of LY Enterprises to the Lily Company, a California limited partnership in which petitioner owned a partnership interest (the Lily Partnership).

On the Lily Partnership's 1989 U.S. Partnership Return of Income (Form 1065), based upon total claimed depreciable tax bases of $1,912,764 in the properties, a total depreciation expense of $89,285 was claimed relating to the properties.

On her individual 1989 Federal income tax return, petitioner claimed a proportionate share of the $89,285 depreciation expense

---

[2]    The distribution appears to have been made to a revocable trust that petitioner established.  The parties herein and the Court treat the properties as if distributed directly to petitioner, and we make no further reference to petitioner's revocable trust.

reflected on the above return of the Lily Partnership based on the same total claimed tax bases in the properties.

On audit for 1989, respondent disallowed in its entirety the Lily Partnership's claimed depreciation deduction of $89,285 relating to the properties. Respondent's disallowance of the Lily Partnership's claimed depreciation expense relating to the properties was, among other things, based on the inconsistency between, on the one hand, the $147,262 that petitioner had reflected for the value of the properties on her individual 1986 Federal income tax return (that was used to compute petitioner's gain relating to the liquidation of LY Enterprises) and, on the other hand, the total $1,912,764 tax bases reflected on the Lily Partnership's 1989 return with respect to the properties (that was used for the computation of depreciation claimed with respect to the properties on petitioner's 1989 Federal income tax return).

On April 15, 1993, consistent with respondent's disallowance of the claimed depreciation expense relating to properties on the Lily Partnership's 1989 return, respondent mailed a notice of deficiency to petitioner for 1989 in which respondent disallowed the depreciation expense claimed on petitioner's 1989 Federal income tax return with respect to the properties.

In Fong v. Commissioner, docket No. 15292-93 (the 1989 Fong case), petitioner contested respondent's disallowance of the

depreciation expense claimed on her 1989 Federal income tax return relating to the properties.

Respondent alleges (and for purposes of acting on the instant motion for summary judgment we assume) that during settlement negotiations regarding the 1989 Fong case, petitioner argued that the properties she received on liquidation of LY Enterprises had a value of approximately $2 million and that the Lily Partnership and petitioner properly used that figure in computing the depreciable taxable bases of, and for computing depreciation on, the properties.

In February of 1995, in the 1989 Fong case, petitioner and respondent entered into an agreement to settle, among all other issues, the issue regarding the proper depreciation expense to be allowed for 1989 to the Lily Partnership and to petitioner relating to the properties, and (we assume for purposes of petitioner's motion for summary judgment) the proper total tax bases of the properties.

On February 6, 1995, in the 1989 Fong case, petitioner and respondent filed with this Court a stipulation of settled issues reflecting, in pertinent part and with regard to the depreciation issue that was settled, only the specific amount of the reduction to petitioner's claimed depreciation expense for 1989 relating to the properties (namely $21,160).

Paragraph three of the stipulation of settled issues states simply as follows:

> Petitioner and respondent agree that the revised adjustments identified in Exhibit A attached hereto and incorporated herein by reference are the correct adjustments to the income and expense items appearing on the Form 1065 filed for Lily * * * [Partnership] for the taxable year ending December 31, 1989. * * *

The above-referenced Exhibit A indicates simply, with regard to the depreciation adjustment at issue for 1989, that petitioner's claimed depreciation expense relating to the Lily Partnership is adjusted downward by $21,160.

On March 30, 1995, based on the above stipulation of settled issues, a decision in the 1989 Fong case was entered by the Court. The decision reflects a tax deficiency for petitioner for 1989 in the total amount of $1,386.

Nowhere in the stipulation of settled issues that was filed or in the decision that was entered by this Court in the 1989 Fong case is there any explanation or information provided as to the grounds for, the nature or terms of, or the underlying agreement between petitioner and respondent that resulted in an adjustment of $21,160 to petitioner's deductible share of the depreciation expense of the Lily Partnership. Neither document specifies the properties to which the agreed depreciation adjustment relates, the tax bases of the properties, the depreciation method agreed upon, the capitalization of expenses,

or any allocation between capitalized and deductible expenses relating to the properties.

In their agreement to settle the 1989 Fong case, petitioner and respondent did not enter into a closing agreement under section 7121. Further, petitioner and respondent did not agree that the settlement agreement reached in the 1989 Fong case would be treated as a final determination for purposes of the mitigation provisions of the Code, nor did petitioner and respondent agree that the effect of the settlement of the 1989 Fong case would be to open up, under the mitigation provisions, the period of limitations with regard to petitioner's 1986 year.

Despite the fact that the general 3-year period of limitations under section 6501(a) for respondent to assess a deficiency against petitioner with respect to 1986 expired on April 15, 1990 (3 years after the filing, on or before April 15, 1987, of petitioner's 1986 Federal income tax return), on December 20, 1995, respondent mailed to petitioner a notice of deficiency determining a $375,173 increase in petitioner's 1986 Federal income tax liability. At the time the petition was filed, petitioner resided in Sacramento, California.

Respondent's notice of deficiency against petitioner for 1986 is based on respondent's determination that the Court's decision in the 1989 Fong case that was entered on March 30, 1995, constituted a determination under the mitigation provisions

of the Code and that thereunder petitioner's Federal income tax liability for 1986 was open for 1 year from June 29, 1995 (the day the Court's March 30, 1995, decision became final),[3] in order for respondent to mail to petitioner a timely notice of deficiency for 1986.

The underlying basis for the $375,173 income tax deficiency reflected in respondent's notice of deficiency to petitioner for 1986 is based on respondent's recomputation of the taxable gain petitioner realized on receipt of the properties received in liquidation of LY Enterprises. Based on the alleged underlying grounds for settlement of the depreciation adjustment that was involved in the 1989 Fong case (that petitioner had total tax bases in the properties of approximately $2 million), respondent determined that on December 31, 1986, when the properties were received by petitioner, the properties had a fair market value of $2,033,000 and that such value, reduced by petitioner's $75,000 tax basis in the stock of LY Enterprises, produced a taxable gain of $1,958,000 to petitioner for 1986.

With regard to the substantive merits of respondent's underlying tax adjustment for 1986, petitioner alleges that on liquidation of LY Enterprises and on receipt of the properties in 1986, corporate liabilities of LY Enterprises were assumed by

---

[3]     Under sec. 7481(a) and Rule 190, where no appeal is filed, a Tax Court decision becomes final 90 days after the decision is entered.

petitioner (or that petitioner received the properties from LY Enterprises subject to such liabilities) and that such liabilities offset or reduced the gain that otherwise would have been realized if petitioner had received the properties without assuming or taking the properties subject to any corporate liabilities. Thus, petitioner argues with regard to the underlying merits of the issue in this case that the $147,262 value and the $72,262 gain she reported on her 1986 Federal income tax return, on receipt of the properties from LY Enterprises, are not inconsistent with the approximate $2 million tax bases that she and the Lily Partnership claimed, and that respondent agreed to, as the proper total tax bases for purposes of calculating the amount of depreciation allowable on the properties for later years, specifically for petitioner's 1989 year that was involved in the 1989 Fong case.

The existence, validity, and amount of alleged liabilities that might explain the $72,262 gain reported by petitioner for 1986 raise issues of fact relating only to the underlying substantive tax issue in this case, and such issues of fact are not relevant in deciding petitioner's motion for summary judgment. In other words, for purposes of ruling on petitioner's motion for summary judgment, we assume that in settling the 1989 Fong case, petitioner and respondent agreed to the approximate total $2 million as the total tax bases for the properties. We

agree, however, with petitioner that she is entitled to judgment as a matter of law.

The relief available under the mitigation provisions of sections 1311-1314 is limited, and the statutory provisions do not purport to permit the correction of all errors and inequities.  United States v. Rushlight, 291 F.2d 508, 514 (9th Cir. 1961); Olin Mathieson Chem. Corp. v. United States, 265 F.2d 293, 296 (7th Cir. 1959); Bolten v. Commissioner, 95 T.C. 397, 403 (1990); Bradford v. Commissioner, 34 T.C. 1051, 1054 (1960); Brennen v. Commissioner, 20 T.C. 495, 500 (1953).  The limited conditions under which the mitigation provisions will be applicable may be described generally as follows (with limited exceptions not here applicable):

1.  A final "determination", as defined in section 1313(a), must have occurred;

2.  The determination must fall within one of the specified "circumstances of adjustment" or "doubling-up" situations described in section 1312;

3.  The party against whom the mitigation provisions are invoked or a related party must have maintained, with respect to the treatment of the item in question for the determination year, a position inconsistent with the treatment of the item in another year of the same or related taxpayer, which year is barred by the generally applicable period of limitation or by some other rule of law.  Sec. 1311(b);

4.  The party who seeks to utilize the mitigation provisions must act timely thereunder and in the proper manner to make a corrective adjustment.  Sec. 1314.

In support of the instant motion for summary judgment and as a matter of law, petitioner argues primarily that the fact situation presented to us in this case does not qualify under any of the specific circumstances of adjustments described in section 1312 and therefore that the second of the above conditions is not satisfied in this case. Petitioner does not concede that the other requirements of the mitigation provisions are satisfied.

More specifically, petitioner argues that under section 1312(7), the particular circumstance of adjustment on which respondent relies, the alleged determination that occurred under section 1313(a) (namely, the Tax Court decision) must itself "determine the basis" of the property in question. Petitioner then argues that the particular stipulation of settled issues that was filed and the decision that was entered by the Court in the 1989 Fong case based on such stipulation (that reflected a $21,160 adjustment to petitioner's 1989 claimed depreciation expense from the Lily Partnership) cannot, as a matter of law, be regarded as a determination under section 1312(7) of the tax bases of the properties.

In order for mitigation to apply under the particular and specific circumstance of adjustment described in section 1312(7), the existence of each of the following additional conditions must be established:

(1) Under section 1312(7)(A) the relevant determination must determine the basis of the property;

(2) Under section 1312(7)(A) there must be a transaction on which such basis depends or a transaction which was erroneously treated as affecting such basis;

(3) In respect of a transaction mentioned in (2) above, there must have occurred one of the errors listed in section 1312(7)(C) (namely, the erroneous inclusion in or exclusion from gross income, an erroneous recognition or nonrecognition of gain or loss, or an erroneous deduction of an item properly chargeable to a taxpayer's capital account or an erroneous charge to a taxpayer's capital account of an item properly deductible).

(4) The error described in (3) above must have occurred with respect to one of the taxpayers described in section 1312(7)(B).

As indicated, the narrow issue raised in petitioner's motion for summary judgment focuses on the first of the above requirements (namely, whether the settlement agreement and/or the Court's decision entered on March 30, 1995, "determined the basis" of the properties as required by section 1312(7)(A)).

Generally, to constitute a determination under section 1313(a), a court decision must involve a substantive decision on the merits of a case. See, for example, Commissioner v. Estate of Weinreich, 316 F.2d 97, 103-104 (9th Cir. 1963), affg. in part and revg. in part 37 T.C. 365 (1961), and Cotter v. Commissioner, 40 T.C. 506, 507-509 (1963), in which the courts rendered prior affirmative opinions on the issue or on directly related issues, which opinions were treated as final determinations under the mitigation provisions.

Fruit of the Loom, Inc. v. Commissioner, 72 F.3d 1338 (7th Cir. 1996), affg. T.C. Memo. 1994-492, and Rasmussen v. United States, 811 F.2d 949 (5th Cir. 1987), illustrate, among other things, that general administrative settlement agreements are not regarded as constituting determinations under section 1313(a).

Where the written stipulation of settled issues reflects more than general language and expressly includes the underlying terms of the settlement agreement between the parties, the Tax Court decision that is entered based thereon may be treated as a final determination for purposes of the mitigation provisions. For example, in Shields v. United States, 265 F. Supp. 770 (N.D. Ohio 1965), affd. 375 F.2d 457 (6th Cir. 1967), a stipulation of settlement that was filed with the Court included the specific underlying treatment of the particular adjustments on which mitigation was sought, and such stipulation served as the grounds for the decision entered by the Court. In that situation, the decision entered by the Tax Court was held by the District Court to constitute a determination for purposes of mitigation.

Where, however, a Tax Court case is settled and a decision is entered based thereon, and where the specific underlying terms of the settlement agreement between the parties are not reflected in the stipulation of settlement that is filed with the Court and that serves as grounds for the decision that is entered, such a Tax Court decision does not satisfy either the determination

requirement of section 1313(a) or the more specific requirement of section 1312(7)(A) that the court decision itself "determine the basis" of the property.  For example, in Knowles Elecs. Inc. v. United States, 365 F.2d 43, 45 (7th Cir. 1966), a summary dismissal of a mitigation claim was affirmed where, much like the instant case, the alleged determination was based not on an affirmative court opinion but rather on a general stipulation of settlement between the parties (that did not specify the specific underlying terms of the settlement) and on the court's decision reflecting only the general settlement agreement.

Petitioner acknowledges that there exists some support for the proposition that a determination of basis under section 1312(7) need not expressly relate to basis to qualify as a determination of basis where there is a determination of a matter that necessarily must have included a determination of basis.  In Gooding v. United States, 164 Ct. Cl. 197, 326 F.2d 988, 993 (1964), in a prior decision, the Tax Court determined the specific amount of gain to be realized on a transaction, and it was concluded by the Court of Claims that such an affirmative determination of gain by the Tax Court necessarily involved a determination of the basis of property under section 1312(7).  In Gooding v. United States, 326 F.2d at 993, it was noted, however, that where a court's decision deals only incidentally or

tangentially with basis, the decision will not be treated as a determination of basis.

In Rosenberger v. United States, 138 F. Supp. 117, 119 (E.D. Mo. 1955), affd. 235 F.2d 69 (8th Cir. 1956), it was held that where a prior court decision affirmatively considered and decided an issue as to the amount of gain or loss on disposition of certain debentures, a determination of basis had occurred.  In both Gooding and Rosenberger, the trial courts rendered substantive decisions on the merits of the issues tried that implicitly included consideration of and a computation of the taxpayers' tax bases.

In our view, Gooding and Rosenberger have no application where, as in the 1989 Fong case, this Court rendered no affirmative decision, where the case was settled, and where both the settlement stipulation and the decision simply reflect a summary calculation of the adjustments agreed to under the settlement and where no explanation of the underlying grounds for the settlement is provided either in the stipulation of settlement or in the decision.

We agree with petitioner that the Tax Court in the 1989 Fong case did not have occasion to consider, pass upon, or take into account, explicitly or implicitly, the taxable bases of the properties.  The decision entered by the Tax Court in the 1989

Fong case is not to be regarded as a determination of the bases of the properties.

Petitioner appropriately notes that if respondent, as a condition to settlement of the 1989 Fong case, wanted to ensure that the mitigation provisions under section 1312(7) would apply to open petitioner's 1986 year, respondent could have requested that petitioner enter into a closing agreement under section 7121 (see sec. 1.1313(a)-2, Income Tax Regs.) or into a specific agreement under section 1313(a)(4) to that effect. See also sec. 1.1313(a)-4, Income Tax Regs.

Respondent speculates that if, in the context of negotiating settlement of the depreciation adjustment in the 1989 Fong case, respondent had requested and petitioner had refused to enter into a settlement agreement under the above mitigation regulations for purposes of opening petitioner's 1986 year, the settlement likely would have broken down, and respondent then would have been forced to litigate the depreciation adjustment for 1989 in order to obtain an adverse Tax Court decision that would qualify as a determination of basis under section 1312(7). Respondent asserts that such a scenario would be counter to the public policy in favor of settling litigation and further that respondent in the 1989 Fong case might have been subject to an award of litigation costs under section 7430 for pursuing an adjustment (namely, disallowance of the claimed 1989 depreciation expense of the Lily

Partnership) that was not substantially justified. See sec. 7430(c)(4)(B).

We reject respondent's argument. The fact that parties to litigation, in the manner and method by which they settle issues and disputed tax adjustments, should take into account and should anticipate the specific requirements of the mitigation provisions is not new. We find no merit in respondent's argument. See Hill v. Commissioner, T.C. Memo. 1957-2, in which a particular adjustment was litigated solely in order to obtain an adverse determination under the mitigation provisions necessary to open an otherwise closed year.

No relevant material facts are in dispute in the instant case regarding the content of the settlement stipulation filed and the decision entered in the 1989 Fong case that would preclude a ruling on the narrow issue presented to us in petitioner's motion. Under the terms of the settlement stipulation that was filed with the Court and the decision that was entered, no tax bases in the properties were determined by the Court. The tax adjustments reflected therein clearly cannot be said to encompass a determination by the Tax Court of petitioner's tax bases in the properties.

The possibility that petitioner and respondent, in settling the 1989 Fong case, may have entered into further or additional agreements not reflected in the stipulation of settlement or in

the decision (for example, as to the tax bases of the properties) would not elevate any such further or additional agreement to the level of a Tax Court determination under section 1312(7), in light of the absence of any reference thereto in the written stipulation of settled issues or in the decision.

We conclude, as a matter of law, that under section 1312(7) a determination of basis by the Tax Court regarding the properties did not occur when the 1989 Fong case was settled and the decision in that case was entered.  The settlement stipulation and the decision in the 1989 Fong case do not give rise to a determination that opens the period of limitations for petitioner's 1986 Federal income tax liability.

For the reasons stated, the Court will grant petitioner's motion for summary judgment.

An appropriate order and
decision will be entered.