T.C. Memo. 2008-186

UNITED STATES TAX COURT

MICHAEL L. CONN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4422-07L.          Filed August 5, 2008.

<u>Eric Johnson</u>, for petitioner.

<u>Emile L. Hebert III</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner seeks review of respondent's determination to proceed with the collection of petitioner's unpaid 1993 Federal income tax

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code, as amended.  Rule references are to the Tax Court Rules of Practice and Procedure.

liability.  The issue is whether petitioner received a notice of deficiency for 1993, thus precluding him from challenging the 1993 liability during his section 6330 hearing.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122.  The stipulation of facts, along with the attached exhibits, is incorporated herein by this reference.  Petitioner resided in Louisiana at the time his petition was filed.

Petitioner and his wife, Patricia A. Conn, timely filed a joint Federal income tax return for 1993.  Petitioner was subsequently convicted of embezzlement and sentenced to 21 months in Federal prison.  He began serving his sentence in December 1996 in a Federal penitentiary in El Paso, Texas.

On March 6, 1997, respondent's Chief Counsel Office in New Orleans, Louisiana, received a proposed joint notice of deficiency for petitioner and Ms. Conn for 1993 through 1995 from the Internal Revenue Service auditor who prepared the notice. Included with the proposed notice were two pages which showed the notice should be sent to the couple's Slidell, Louisiana, address[2] as well as to a post office box at the Federal penitentiary in El Paso, Texas.

---

[2]Ms. Conn has resided at the Slidell address at all relevant times.  Petitioner has also resided at the Slidell address at all relevant times other than the period he spent in prison.

Respondent mailed petitioner and Ms. Conn a joint notice of deficiency dated April 8, 1997, at their Slidell address. Respondent determined that petitioner and Ms. Conn received unreported embezzlement income in 1993 and that petitioner, but not Ms. Conn, was liable for a fraud penalty under section 6663. Petitioner does not recall receiving a notice of deficiency for 1993. Ms. Conn does not recall providing petitioner a copy of the 1993 notice of deficiency at any time between April 8 and July 10, 1997.

In response to the notice of deficiency Ms. Conn, but not petitioner, timely filed a petition with this Court on July 10, 1997. Before trial respondent conceded that under the provisions of section 6015 Ms. Conn was not liable for the deficiency, and the Court entered a decision based on the parties' settlement.

On September 9, 1997, respondent assessed the 1993 income tax deficiency and section 6663 penalty against petitioner. Petitioner was released from prison in February 1998. On January 16, 2003, respondent issued petitioner two Notices of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for 1993. On February 7, 2003, respondent issued petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for 1993.

On February 15, 2003, petitioner timely requested an Appeals hearing pursuant to sections 6320 and 6330. During his hearing petitioner sought to challenge the 1993 liability. Petitioner

took the position that although he was convicted of embezzlement, he did not direct the embezzled funds to himself or use those funds for personal purposes. On January 18, 2007, respondent's Appeals officer issued petitioner a Notice of Determination Concerning Collection Actions Under Section 6320 and 6330. The Appeals officer determined that petitioner was precluded from challenging the 1993 liability because he failed to file a petition with this Court in response to the notice of deficiency dated April 8, 1997.

## Discussion

Before the Commissioner may levy on any property or property right of a taxpayer, the taxpayer must be provided written notice of the right to request a hearing, and such notice must be provided no less than 30 days before the levy is made. Sec. 6330(a). Section 6320(a) requires that the Commissioner furnish the taxpayer with written notice of the filing of a Federal tax lien within 5 business days after the lien is filed. Section 6320 further provides that the taxpayer may request an Appeals hearing within 30 days beginning on the day after the 5-day period described above. Sec. 6320(a)(3)(B), (b)(1). If the taxpayer requests a hearing under either section 6320 or 6330, an Appeals officer of the Commissioner must hold the hearing. Secs. 6320(b)(1), 6330(b)(1). Within 30 days of the issuance of the

Appeals officer's determination, the taxpayer may seek judicial review of the determination. Sec. 6330(d)(1).

At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). Section 6330(c)(2)(B) limits the taxpayer's ability to challenge the underlying tax liability during the hearing. Specifically, the taxpayer may "raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Id.

Respondent argues that for purposes of section 6330(c)(2)(B), the mailing of a notice of deficiency to the taxpayer's last known address is sufficient. Respondent is mistaken. Under section 6330(c)(2)(B), the receipt of a notice of deficiency, not its mailing, is the relevant event.[3] A taxpayer is precluded from challenging the liability if the

---

[3]For the purpose of asserting a deficiency in tax, respondent is authorized to send a notice of deficiency to the taxpayer. Sec. 6212(a). For that purpose, mailing a notice of deficiency to the taxpayer's last known address is sufficient regardless of receipt or nonreceipt. Sec. 6212(b); Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991).

taxpayer actually received a notice of deficiency in time to petition this Court for a redetermination of the deficiency.[4] Sec. 6330(c)(2)(B); <u>Kuykendall v. Commissioner</u>, 129 T.C. 77, 80 (2007); sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.  If the taxpayer did not actually receive the notice in time to petition this Court, the taxpayer is entitled to challenge the underlying liability.  <u>Kuykendall v. Commissioner</u>, <u>supra</u> at 81-82.

A properly completed U.S. Postal Service Form 3877 reflecting the timely mailing of a notice of deficiency to a taxpayer at the taxpayer's correct address by certified mail, absent evidence to the contrary, establishes that the notice was properly mailed to the taxpayer.  <u>United States v. Zolla</u>, 724 F.2d 808, 810 (9th Cir. 1984); <u>Coleman v. Commissioner</u>, 94 T.C. 82, 90-91 (1990).  Furthermore, compliance with certified mail procedures raises a presumption of official regularity with respect to notices sent by the Commissioner.  See <u>United States v. Zolla</u>, <u>supra</u> at 810.  If the presumption is raised and the taxpayer does not rebut the presumption, the Court may find that the taxpayer received the notice of deficiency, thus precluding challenges to the underlying liability under section

---

[4]If, however, the notice of deficiency was not received because the taxpayer deliberately refused delivery, the taxpayer may not seek to challenge the underlying tax liability at a sec. 6330 hearing or before this Court.  <u>Sego v. Commissioner</u>, 114 T.C. 604, 611 (2000).

6330(c)(2)(B).  See, e.g., <u>Sego v. Commissioner</u>, 114 T.C. 604, 611 (2000); <u>Clark v. Commissioner</u>, T.C. Memo. 2008-155.

However, respondent has not produced any evidence, such as U.S. Postal Service Form 3877, which shows that the notice of deficiency was sent to petitioner at his address in prison, where he resided at the time the notice was sent and during the period in which to petition this Court.  Cf. <u>Sego v. Commissioner</u>, <u>supra</u> at 610 (the Commissioner introduced into evidence Form 3877 indicating that the notice was sent to the taxpayers at their correct address); <u>Clark v. Commissioner</u>, <u>supra</u> (same).

Respondent's argument that petitioner actually received the notice of deficiency is based on the fact that Ms. Conn petitioned this Court in response to the notice.  That Ms. Conn petitioned this Court shows that she received the notice and that it was mailed to the Slidell address.[5]  It does not show that petitioner received the notice.

The parties stipulated that petitioner does not recall receiving a copy of the notice and that Ms. Conn does not recall giving her husband a copy of the notice during the 90-day period in which to petition this Court.  Respondent has failed to

---

[5]That the notice of deficiency was sent to petitioner's last known address is not sufficient to establish that petitioner actually received the notice.  See <u>Kuykendall v. Commissioner</u>, 129 T.C. 77 (2007) (taxpayers were entitled to challenge the underlying tax liability during their sec. 6330 hearing when the notice of deficiency was mailed to their last known address, but because petitioners had moved they did not receive the notice in time to petition this Court).

introduce any evidence indicating that petitioner received the notice. Therefore, on the preponderance of the evidence, we find that petitioner did not actually receive the 1993 notice of deficiency in time to petition this Court. Accordingly, petitioner was entitled to dispute the 1993 liability during his section 6330 hearing.

In cases where the taxpayer did not receive a notice of deficiency for a particular year and did not have an opportunity to challenge the underlying tax liability, we have remanded the matter to the Commissioner's Office of Appeals for a hearing during which the taxpayer may dispute the liability. See, e.g., Kuykendall v. Commissioner, supra at 82. We shall do that in this case as well.

To reflect the foregoing,

An appropriate order will be issued.