T.C. Memo. 2011-166

UNITED STATES TAX COURT

MICHAEL L. CONN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4422-07L.                    Filed July 11, 2011.

<u>Eric Johnson</u>, for petitioner.

<u>Derek B. Matta</u>, for respondent.


MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner has petitioned for a review of respondent's determinations (1) to file a notice of Federal tax lien (NFTL) with respect to petitioner's unpaid Federal income tax liability for 1993 and (2)

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to proceed by levy to collect that liability.  After concessions,[2] the issue we must decide is whether respondent abused his discretion in determining that the proposed levy may proceed and that the NFTL filed with respect to the unpaid liability was appropriate.  To resolve this issue, the parties contend we must consider the following questions:  (a) Whether this Court has jurisdiction to consider petitioner's unperfected and untimely claims that he overpaid his tax liabilities for years after 2003 (nondetermination years) and that the overpayments should be applied to reduce or eliminate the unpaid liability for 1993 (determination year); and (b) whether the mitigation provisions of sections 1311-1314 enable us to consider petitioner's overpayment claims with respect to the nonndetermination years.

### Background

The parties submitted this case fully stipulated pursuant to Rule 122.  The stipulation of facts is incorporated herein by this reference.  Petitioner resided in Louisiana when the petition was filed.

Petitioner and his wife, Patricia A. Conn, timely filed their 1993 Form 1040, U.S. Individual Income Tax Return. Subsequently, petitioner was indicted for making, uttering, and

---

[2]Petitioner concedes his claim for interest abatement and agrees that collection alternatives are no longer at issue.

possessing forged securities.  The charges arose from petitioner's misappropriation of funds from the Police Association of New Orleans.  On September 5, 1996, petitioner pleaded guilty to making, uttering, and possessing a forged security with the intent to deceive under 18 U.S.C. sec. 513(a).  As part of petitioner's sentence, the U.S. District Court for the Eastern District of Louisiana ordered him to pay $185,248.86 in restitution and sentenced him to 15 to 21 months' imprisonment.

On the basis of the criminal case, respondent determined that petitioner was required to include the misappropriated funds in his income for 1993 but that he failed to do so.  On April 8, 1997, respondent mailed to petitioner a notice of deficiency for 1993.  At that time, petitioner was serving his sentence in a Federal penitentiary in Texas.  Conn v. Commissioner, T.C. Memo. 2008-186.  Although respondent mailed a joint notice of deficiency to petitioner and his wife at their last known address, petitioner did not receive the notice or file a timely petition to contest it because of his temporary residence in the Federal penitentiary.[3]  Id.

On September 9, 1997, respondent assessed an income tax deficiency of $14,445, a section 6663 penalty of $9,639, and

---

[3]Mrs. Conn filed a separate petition in response to the notice of deficiency.  Before trial the Commissioner conceded that under sec. 6015 Mrs. Conn was not liable for the deficiency, and we entered a decision reflecting the settlement.  Conn v. Commissioner, T.C. Memo. 2008-186.

interest (collectively, the 1993 liability) against petitioner for 1993.  Respondent subsequently filed two NFTLs against petitioner's property in Louisiana and mailed petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing, dated January 16, 2003.  On February 7, 2003, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to the 1993 liability.

Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing, to contest the lien and levy notices.  In the Form 12153 and throughout the hearing process petitioner specifically requested the right to challenge the 1993 liability.

Settlement Officer Brenda Esser (Settlement Officer Esser) conducted a section 6330 hearing on November 14, 2006.  She did not permit petitioner to contest the 1993 liability because respondent had mailed a notice of deficiency to him for 1993.  In a notice of determination dated January 18, 2007, respondent's Appeals Office determined that the lien and levy actions were proper and sustained them.

On February 23, 2007, petitioner timely filed a petition for review of respondent's determinations.  In the resulting case this Court found that Settlement Officer Esser had improperly denied petitioner the right to raise the 1993 liability issue. Conn v. Commissioner, supra.  We held that, under section

6330(c)(2)(B), petitioner could challenge the 1993 liability because he never received the notice of deficiency.  Id.  We remanded the case to respondent to conduct a supplemental hearing under section 6330 at which petitioner could challenge the 1993 liability.

The case on remand was assigned to Settlement Officer Doris Augustine (Settlement Officer Augustine), who conducted the supplemental hearing on March 3, 2009.  Settlement Officer Augustine concluded that respondent had properly determined petitioner's 1993 liability.  Respondent's Appeals Office issued a Supplemental Notice of Determination Concerning Collection Actions Under Sections 6320 and 6330 again upholding the collection actions.

The case was set for trial in New Orleans on November 20, 2009.  Before the trial date petitioner and respondent reached a settlement on the 1993 liability issue.[4]  In a stipulation of settled issues the parties agreed that petitioner was liable for a $5,778 deficiency and a section 6663 penalty of $3,855 for 1993 plus interest (the stipulated liability).  In a second stipulation of settled issues, the parties agreed that petitioner had failed to report $17,872 of income for 1993.

---

[4]Petitioner took the position that although he was convicted of embezzlement, he did not direct the embezzled funds to himself or use the funds for personal purposes.  See Conn v. Commissioner, supra.

On January 19, 2010, respondent filed a motion for remand to consider collection alternatives. We granted the motion and remanded the case for another supplemental hearing to be held by April 26, 2010.

The second remand was assigned to Settlement Officer James Feist (Settlement Officer Feist). On February 4, 2010, Settlement Officer Feist requested that petitioner submit specified information and documents before the hearing, including an updated Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, financial documentation supporting that form, and a plan to satisfy the stipulated liability.

Petitioner did not submit any of the requested financial information. Instead, petitioner submitted unsigned Forms 1040X, Amended U.S. Individual Income Tax Return, claiming that he had overpaid his taxes for 1998 through 2004 and 2006 through 2008.[5] The overpayments were attributable to restitution payments that petitioner had made to satisfy the restitution component of his sentence in the criminal case. Beginning in November 1996, petitioner made restitution payments. As of January 19, 2010, petitioner had made restitution payments totaling $50,827.22. Petitioner claimed deductions for the restitution payments on

---

[5]After the hearing petitioner restricted his claim to offsets arising from overpayments made through 2004.

Schedules C, Profit or Loss From Business (Sole Proprietorship), attached to the unsigned Forms 1040X.[6]

On February 18, 2010, Settlement Officer Feist held a telephone conference with petitioner and petitioner's counsel. Petitioner argued that the overpayments shown on the unsigned Forms 1040X for the nondetermination years should be offset against the 1993 liability. However, Settlement Officer Feist did not consider the Forms 1040X because petitioner had not signed or filed them.

Furthermore, Settlement Officer Feist determined that he could not consider the overpayment claims because (1) the overpayment claims were for nondetermination years and petitioner's assertion that he was entitled to offsets from nondetermination years was not an appropriate collection

---

[6]Petitioner claimed the following amounts on his Forms 1040X: For 1998, a business expense deduction of $1,625 and an overpayment of $454; for 1999, a business expense deduction of $1,200 and an overpayment of $400; for 2000, a business expense deduction of $4,042 and an overpayment of $1,334; for 2001, a business expense deduction of $2,875 and an overpayment of $947; for 2002, a business expense deduction of $1,650 and an overpayment of $463; for 2003, a business expense deduction of $575 and an overpayment of $165; for 2004, a business expense deduction of $5,580 and an overpayment of $1,801; for 2006, a business expense deduction of $6,500 and an overpayment of $1,753; for 2007, a business expense deduction of $6,500 and an overpayment of $2,661; and, for 2008, a business expense deduction of $6,000 and an overpayment of $1,949. The business expense deductions on the Schedules C equal the amounts of restitution that petitioner paid to the Department of Justice, except for 2004, when petitioner paid $7,985 in restitution but deducted only $5,580 on his 2004 Form 1040X.

alternative, and (2) the overpayment claims were not timely asserted during the section 6330 hearing.[7]

Petitioner also claimed that he was entitled to interest abatement for the period from his hearing request until receipt of a response from the Appeals Office.  Settlement Officer Feist denied this request, concluding that petitioner's interest abatement claims exceeded the scope of the hearing.[8]  Finally, Settlement Officer Feist concluded that petitioner presented no viable collection alternative, largely because of his failure to provide pertinent financial information or to suggest an appropriate alternate method of paying the liability.

On March 11, 2010, respondent's Appeals Office issued a supplemental notice of determination denying petitioner's request for collection alternatives, finding that all legal and procedural requirements had been met as required by section

---

[7]In concluding that the Forms 1040X and attached Schedules C could not be considered, Settlement Officer Feist stated:

> Requesting adjustments of tax in periods outside of the subject tax period is not a collection alternative. Requesting adjustments is a liability issue for periods other than the one subject period and this issue not part of the current remand.  In my opinion, this issue could have been and should have been raised and addressed no later than immediately after the time that the current assessment was sustained by Appeals Officer Augustine.

[8]As noted supra note 2, petitioner subsequently waived his claims for interest abatement and for consideration of collection alternatives.

6330(c)(1) and determining that the lien and levy actions could proceed.

## Discussion

I.   Collection Hearing Procedure

A.   Filing of NFTL and Related Hearing Rights

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for taxes after a demand for the payment of the taxes has been made and the taxpayer fails to pay those taxes.  The lien arises when the assessment is made.  Sec. 6322.  Section 6323(f) generally requires the Secretary[9] to file an NFTL with the appropriate State office for the lien to be valid against certain third parties.  Section 6320(a) requires the Secretary to notify the taxpayer in writing of the filing of an NFTL and of the taxpayer's right to an administrative hearing on the matter.  Section 6320(b) affords the taxpayer the right to a hearing.  Section 6320(c) requires that the administrative hearing be conducted pursuant to section 6330(c), (d) (other than paragraph (2)(B) thereof), and (e).

---

[9]The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A).

B.   Notice of Intent To Levy and Related Hearing Rights

Section 6331(a) authorizes the Secretary to levy upon all property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment.  Section 6330(a) provides that no levy may be made on any property or rights to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made.  Section 6330(b) affords the taxpayer the right to a hearing.  Section 6330(c) specifies the matters to be considered at the administrative hearing and sets forth the hearing procedures.

C.   The Section 6320/6330 Hearing

If a taxpayer requests a hearing in response to either an NFTL or a notice of levy pursuant to section 6320 or 6330, a hearing shall be held before an impartial officer or employee of the IRS Office of Appeals.  Sec. 6330(b)(1), (3).  At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Sec. 6330(c)(2)(A).  A taxpayer may also contest the existence or amount of the underlying tax liability if he did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following the hearing, the Appeals Office must determine whether the proposed collection action may proceed.  In making that determination, the Appeals Office is required to take into consideration:  (1) Verification presented by the Secretary during the hearing process that the requirements of applicable law and administrative procedure have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed lien or levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed levy action.  Sec. 6330(c)(3).

Section 6330(d)(1) grants this Court jurisdiction to review the determination made by the Appeals Office in connection with the section 6330 hearing.  Where the underlying tax liability[10] is properly at issue, we review the taxpayer's liability de novo. See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  We review all other determinations for abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182. An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law."  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

---

[10]We have interpreted the phrase "underlying tax liability" in sec. 6330(d)(1) to include any amounts owed by a taxpayer pursuant to the tax laws such as deficiencies, additions to tax, and interest.  Katz v. Commissioner, 115 T.C. 329, 339 (2000).

## II.  Petitioner's Challenges to the Notice of Determination

The parties have stipulated the amount of the unreported income petitioner embezzled that must be included in his income for 1993.  The parties have also stipulated the resulting income tax deficiency and penalty amounts.  Consequently, the parties agree in effect to the amount of the underlying tax liability for 1993 before any adjustments for overpayments in nondetermination years.

The fundamental dispute focuses on alleged overpayments made in nondetermination years that petitioner asserts should be determined in this section 6320/6330 case and then applied to offset the agreed-upon liability for 1993.  Petitioner did not file refund claims with respect to the alleged overpayments as required by the refund provisions of the Code and related regulations within the applicable period of limitations set forth in section 6511(a).  Petitioner attempts to overcome this problem by introducing into evidence unsigned Forms 1040X claiming the overpayments and asserting that we have jurisdiction in this proceeding not only to determine overpayments but also to decide that the mitigation provisions of sections 1311-1314 permit us to do so.  Petitioner thus attempts to use this proceeding as a "one-stop shop" for dispensing his brand of tax justice.  We decline to do so for the reasons set forth herein.

III. Jurisdiction in Section 6320/6330 Proceedings To Determine Overpayments in Nondetermination Years

Under section 6330(d)(1)(A), we have jurisdiction over the determination made by the Appeals Office and our jurisdiction is defined by the scope of that determination. Freije v. Commissioner, 125 T.C. 14, 25 (2005). Under section 6330(c)(3), the determination of the Appeals Office must take into account the verification required by section 6330(c)(1), any relevant issue relating to the unpaid tax or the proposed collection action that was raised by the taxpayer under section 6330(c)(2), and the balancing considerations required by section 6330(c)(3)(C). "Since an 'unpaid tax' is the sine qua non of the Commissioner's authority to levy", a claim directed at the status of the tax as "unpaid" is a relevant issue relating to the unpaid tax or the proposed collection action. Id. at 26. We have stated in this regard as follows:

> Meaningful review of a claim that a tax sought to be collected by levy has been paid, by means of a remittance or an available credit, will typically require consideration of facts and issues in nondetermination years, as those years may constitute the years to which a remittance was applied or from which a credit originated. [Id. at 26-27; fn. ref. omitted.]

In Frieje we held that we had jurisdiction to consider a taxpayer's claim that a payment made in the determination year was misapplied to an earlier nondetermination year insofar as the facts and issues with respect to the nondetermination year were

relevant to computing the unpaid tax for the determination year. After examining the facts and circumstances surrounding the remittance, we concluded that the Commissioner's application of the remittance to the earlier nondetermination year was proper.

Our jurisdiction to consider relevant issues raised in a section 6320 or 6330 proceeding is not unlimited, however. If a taxpayer asserts that an overpayment from a nondetermination year should be applied to an unpaid tax liability for a determination year, the taxpayer must demonstrate that he has acted timely in asserting his claim to the refund or credit. In Landry v. Commissioner, 116 T.C. 60 (2001), we held that overpayments from nondetermination years that were first claimed on delinquent returns filed more than 3 years late did not reduce the amount of unpaid tax due for the determination years because the refund claims made on the delinquent returns were barred by the applicable period of limitations governing refunds and credits. See secs. 6511, 6513. In Brady v. Commissioner, 136 T.C. ___ (2011), we held that alleged overpayments for nondetermination years that the taxpayer had asserted on refund claims disallowed by the Commissioner could not be credited against the unpaid tax for the determination year because the taxpayer did not file a refund suit to contest the disallowance within the period of limitations set forth in section 6532. These cases establish that if we assume our jurisdiction in cases governed by section

6330 may permit us to consider overpayment claims arising from nondetermination years, we may not credit against unpaid tax owed for a determination year any alleged overpayment that is not timely asserted or litigated as required by the refund provisions of the Code.

Petitioner made restitution payments during years after 1993, but he did not claim a deduction for the restitution payments on his original returns for those years. After respondent initiated collection activity with respect to the unpaid 1993 liability, petitioner belatedly attempted to claim that he was entitled to deduct the restitution payments and that he had overpaid his tax liabilities for years in which he made restitution payments. Petitioner did not file formal refund claims with respect to the alleged overpayments, however. Instead, he introduced into evidence unsigned and unfiled Forms 1040X with respect to the nondetermination years in which he had paid restitution, arguing that he is entitled to credits against his 1993 liability for the overpayments.

Like the taxpayers in Landry and Brady, petitioner did not take timely action to obtain credit or refund of overpayments with respect to the nondetermination years. Petitioner, however, attempts to avoid the limitations problem by claiming that the mitigation provisions of sections 1311-1314 apply. As we understand petitioner's argument, he asserts that the provisions

apply because: (1) The parties entered into a stipulation regarding the amount of embezzlement income that was includable in petitioner's income for 1993 and that stipulation constitutes a determination within the meaning of section 1313(a); (2) the determination adopts a tax treatment of the embezzlement income that is inconsistent with a different and erroneous tax position involving the embezzlement income; (3) the connection between the two inconsistent positions is described in section 1312; and (4) the other tax years are closed for adjustment under the applicable period of limitations. Respondent disagrees. Respondent asserts that petitioner does not correctly state the conditions for mitigation; and that even if he did accurately state the conditions, he failed to demonstrate that he met all of the required conditions for mitigation to apply under sections 1311-1314.

Congress enacted the mitigation provisions, presently codified as sections 1311-1314, to provide relief for specified errors and inconsistent positions in very limited circumstances. Bradford v. Commissioner, 34 T.C. 1051, 1054 (1960); see also Fong v. Commissioner, T.C. Memo. 1998-181. The mitigation provisions are detailed, and any party claiming the benefit of the provisions must carry the burden of proving that the provisions apply. Bradford v. Commissioner, supra at 1054.

Section 1311(a) provides:

> SEC. 1311(a).  General Rule.--If a determination (as defined in section 1313) is described in one or more of the paragraphs of section 1312 and, on the date of the determination, correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part and other than section 7122 (relating to compromises), then the effect of the error shall be corrected by an adjustment made in the amount and in the manner specified in section 1314.

Under section 1313(a), a determination is (1) a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final; (2) a closing agreement made under section 7121; (3) a final disposition by the Secretary of a claim for refund; or (4) under regulations prescribed by the Secretary, an agreement for purposes of this part, signed by the Secretary and by any person, relating to the liability of such person (or the person for whom he acts), in respect of a tax under this subtitle for any taxable period.  The circumstances under which an adjustment under section 1311 is authorized are set forth in section 1312 and include such things as the double inclusion of an item of gross income and the double allowance or double disallowance of a deduction or credit.  Sec. 1312(1)-(7).

Petitioner contends that the determination in question is the parties' stipulation that he was required to include in his

1993 taxable income $17,872 of embezzlement income,[11] which petitioner asserts will ultimately be incorporated into a decision and that it qualifies as a decision of the Tax Court under section 1313(a)(1).  Petitioner also appears to contend that the inconsistent position requiring mitigation is respondent's failure to allow deductions in the nondetermination years for the amounts of restitution paid and to credit the resulting overpayments against the 1993 liability.

We reject petitioner's mitigation argument for several reasons.  First, petitioner has failed to prove that a qualifying determination within the meaning of section 1313(a) has been made.  Second, petitioner has failed to demonstrate any circumstances described in section 1312 under which the adjustment provided by section 1311 is authorized.  Third, petitioner has failed to prove that the alleged overpayments resulting from restitution payments made in the nondetermination years are the result of any error in the prior tax treatment of those payments or in the prior tax treatment of the embezzlement income that generated the obligation to make the payments.  We elaborate below.

The only determination that petitioner identifies is the stipulation of the parties regarding the amount of embezzled

---

[11]Par. 1 of the second stipulation of settled issues erroneously states that the taxable year is 2003, not 1993, but the introductory language confirms that the correct year is 1993.

income includable in his 1993 income.  The stipulation has not yet resulted in any decision, and it does not reflect a final substantive decision on the merits of the case.  Ordinarily, in order to qualify as a court decision, judgment, decree, or order that has become final within the meaning of section 1313(a)(1), a court action must involve a substantive decision on the merits. See, e.g., Cotter v. Commissioner, 40 T.C. 506, 507-509 (1963). An administrative settlement agreement is not a determination for purposes of section 1313(a)(1).  See Fruit of the Loom, Inc. v. Commissioner, 72 F.3d 1338 (7th Cir. 1996), affg. T.C. Memo. 1994-492; Rasmussen v. United States, 811 F.2d 949 (5th Cir. 1987).  However, a decision incorporating a stipulation of settlement that specifies the tax treatment of an adjustment on which mitigation is sought may qualify as a determination under section 1313(a)(1).  See Shields v. United States, 265 F. Supp. 770 (N.D. Ohio 1965), affd. 375 F.2d 457 (6th Cir. 1967).

Petitioner relies on Shields to support his argument that the stipulation constitutes a determination within the meaning of section 1313(a)(1).  Unlike the stipulation in Shields, the stipulation in question has not been incorporated in any decision, nor has there been a binding determination by this Court that is final.[12]  We conclude that the stipulation is not a

---

[12]Although neither party addressed this problem, it does not appear that mitigation relief can be obtained in the same

(continued...)

qualifying determination under section 1313(a)(1) on the facts of this case.

We also reject petitioner's contention that a circumstance of adjustment described in section 1312 exists in this case. Petitioner has not demonstrated that there has been an erroneous double inclusion of the income embezzled by him, nor has he proven that there has been any double disallowance of a proper deduction with respect to the embezzled income.  Petitioner's position stated simply is that he has been required by the terms of his sentence in the criminal case to pay restitution with respect to the income he embezzled, he has paid some of the required restitution, and he is entitled to deduct the restitution payments, thereby generating overpayments in other years that should offset his liability for the embezzled income. Petitioner's position does not reflect any inconsistency or inequity in the tax treatment of either the embezzled income or the restitution payments that can be cured by recourse to the mitigation provisions.  We so hold.

Because the mitigation provisions of sections 1311-1314 do not apply, we hold that petitioner's time-barred overpayment claims for nondetermination years are not allowable as credits against the 1993 liability.  Petitioner has raised no other

---

[12](...continued)
proceeding as that in which a determination is made.  Benenson v. United States, 385 F.2d 26, 30-31 (2d Cir. 1967).

issues under section 6320 or 6330 with respect to the NFTL or the proposed levy action.  We conclude, therefore, that the Appeals Office did not abuse its discretion in determining that the collection actions may proceed, and we sustain the determination.

We have considered the remaining arguments of both parties for results contrary to those discussed herein, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.